396 So.2d 490 (1981)
Katherine MARCHESE
v.
STATE FARM FIRE AND CASUALTY COMPANY et al.
No. 11754.
Court of Appeal of Louisiana, Fourth Circuit.
March 10, 1981.
Roger J. Larue, Jr., Metairie, for plaintiff-appellant.
Porteous, Toledano, Hainkel & Johnson, James S. Thompson, New Orleans, for defendants-appellees.
Before SCHOTT, CHEHARDY and KLIEBERT, JJ.
KLIEBERT, Judge.
On May 10, 1978, a fire occurred in the home of Michael and Katherine Marchese, resulting in the death of their son, Michael Marchese, Jr. Katherine Marchese filed suit against State Farm claiming damages for her son's death and her own mental anguish. State Farm had issued a homeowners' policy which included liability coverage to Michael Marchese, Sr. as the named insured covering the house in which the fire occurred. State Farm filed a motion for summary judgment based upon an express exclusionary clause contained in the insurance policy. The motion for summary judgment was granted. This appeal followed:
The exclusion on which State Farm relied is found under Section II (Liability Coverage) *491 of the homeowners' policy,[1] and reads as follows:
"THIS POLICY DOES NOT APPLY:
1. Under Coverage EPersonal Liability...
(g) TO BODILY INJURY TO ANY INSURED WITHIN THE MEANING OF PARTS (1) AND (2) OF DEFINITION OF INSURED."
The definitions of bodily injury and insured applicable to Section II (Liability Coverage) found in the definitions portion of the policy are as follows:
When used in this policy the following definitions apply:
(a) `INSURED' means
(1) the Named Insured stated in the Declaration of this policy;
(2) if residents of the Named Insured's household, his spouse, the relatives of either, and any other person under the age of twenty-one in the care of any insured ..."
* * * * * *
"Bodily `injury' means bodily injury, sickness or disease, including care, loss of services and death resulting therefrom."
There is no question the child, the mother and the father were all residing together in the house covered by the policy, hence, all three are "insured" as the term is defined in the policy. Clearly, under the exclusionary clause, above quoted, neither the mother, the child, nor the father is entitled to recover under the policy for bodily injury. Guy v. Egano, 236 So.2d 542 (La.App. 4th Cir. 1970), writ refused 259 So.2d 354.
Plaintiff-appellant now argues, however, that her damages were not for "Bodily Injury", but rather for the "anticipated support" she would receive from her child. The "anticipated support" claim for damages has no basis in law, since compensation for such a claim requires the claimant show actual prior monetary support. Walker v. St. Paul Insurance Companies, 339 So.2d 441 (La.App. 1st Cir., 1977), writ granted 341 So.2d 554, amended and reaffirmed 343 So.2d 251, writ denied 345 So.2d 61; Ogaard v. Wiley, 325 So.2d 642 (La.App.3d Cir., 1975). Since the decedent was only eight years of age at the time of his demise, any claim for "anticipated support" would be highly speculative and conjecture and thus not recoverable.
The plaintiff-appellant also contends her claim for "loss of love and affection ... and enjoyment of Michael Marchese, Jr." are not included within the meaning of bodily injury as the term is defined in the policy, hence, the exclusion does not apply to these claims. She argues that the damages she sustained were caused by bodily injury to her son, not because of bodily injury to Katherine Marchese as an insured. For that reason, she contends her damages are not excluded under the policy i. e., the bodily injury of an insured and, hence, are recoverable.
In Levy v. Duclaux, 324 So.2d 1 (La.App. 4th Cir. 1975), writs denied 328 So.2d 887; 328 So.2d 888, the question presented to the court was whether the term "bodily injury" included mental anguish, pain and suffering. At page 10 of the opinion the writer said:
"We attach significance to the fact that the policy defines bodily injury to mean `sickness or disease' in the instant case. These broad terms must include mental distress which persists over a period of time and necessitates the taking of some medication and interferes with one's performance at work ...
We are unable to separate a person's nerves and tensions from his body. It is common knowledge that worry and anxiety can and often do have a direct effect on other bodily functions ... We have concluded that plaintiff's humiliation, mental anguish, pain and suffering were within the purview of coverage against bodily injury and defendants, as third-party defendants, are entitled to indemnity under the policy."
*492 The policy in question here defines "bodily injury" as "bodily injury, sickness or disease, including care, loss of services and death resulting therefrom." It is substantially the same definition as the one at issue in Levy, supra. We see no basis on which the Levy case, supra can be distinguished here.
Appellant next argues that the exclusion of bodily injury of the insured from the insurance contract is violative of the public policy of this state. Basically, appellant contends the exclusion violates the provisions of the Louisiana Direct Action Statute (LSA-R.S. 22:655), stating "it is also the intent of this section that all liability policies within the terms and limits are executed for the benefit of all injured persons, his or her survivors or heirs, to whom the insured is liable ..." Appellant argues there is no provision in Louisiana law which allows an insurer to limit the protection afforded to injured parties and, therefore, asks this Court to exclude from the policy those provisions excluding coverage to the insureds under the policy.
In Guy v. Egano, 236 So.2d 542 (La.App. 4th Cir. 1970), the issue presented was whether an exclusionary clause similar to the one in this case (but contained in an automobile policy) was in contravention of the public policy of this state. The Court stated at page 547:
"The right to bring a direct action is one conferred by Louisiana statutory law. Insurance contracts prohibiting the direct action contravene our statute and for that reason the policy provision prohibiting a direct action will not be recognized in our courts. But in the instant case the Insurance Commissioner's regulation as to how foreign insurers write business in this state is not tantamount to a statutory prohibition against including such an exclusionary provision in a policy. It is an established principle of our jurisprudence that the insurer and the insured may agree to limit liability in any manner, in the absence of a statutory provision to the contrary." (Citations omitted) (emphasis ours)
There being no statutory provision prohibiting the limitation of liability complained of here, the plaintiff's contention must fall.
Lastly, counsel for appellant cites error because the trial court dismissed the petition by summary judgment when there was a genuine issue of material fact still in question.
In support of the motion for summary judgment, an affidavit certifying to the validity of the insurance policy was submitted. The particular policy attached to the affidavit showed an effective date of 10/9/75 through 10/9/76. Since the fire occurred on May 10, 1978, appellant contends this was not the policy in force at the time of the occurrence; hence, there is a genuine issue of material fact still unresolved because the proper policy is not in evidence.
Appellant has apparently overlooked the renewal clause of the policy which was introduced, which stated:
"This policy will be renewed automatically, subject to provisions of the forms then current, for each succeeding policy period thereafter and is subject to termination by this company only after written notice to insured and mortgagee in compliance with policy provisions. The premiums for succeeding policy periods will be computed at this company's rates then current."
No countervailing affidavits were introduced to support appellant's contention that the policy introduced was not the policy in effect at the time of the occurrence. Plaintiff does not contend that the policy was not renewed according to its terms, nor does plaintiff contend that it was terminated by written notice to the insured. We agree with the district court's dismissal of the suit on motion for a summary judgment.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] A certified copy of the homeowners' policy was admitted in support of the motion for summary judgment.