454 So.2d 1251 (1984)
Charles Bernard WHITAKER, Plaintiff-Appellant,
v.
STATE FARM FIRE AND CASUALTY COMPANY et al., Defendants-Appellees.
No. 16333-CA.
Court of Appeal of Louisiana, Second Circuit.
August 22, 1984.
Rehearing Denied September 21, 1984.
Donald R. Miller, P.C., Shreveport, for plaintiff-appellant.
Lunn, Irion, Switzer, Johnson & Salley by Julie Mobley Lafargue, Shreveport, for defendant-appellee, State Farm Fire & Cas. Co.
Before HALL, FRED W. JONES, Jr. and SEXTON, JJ.
FRED W. JONES, Jr., Judge.
Plaintiff sued his wife, from whom he was legally separated at the time, and his mobile homeowners insurer for damages resulting from the drowning death of their 13 month old daughter in the bathtub of the couple's mobile home.
The insurer filed a motion for summary judgment which was sustained by the trial court. Plaintiff appealed.
*1252 For the reasons hereinafter set forth, we affirm.
Charles Whitaker and Denise Lee Whitaker were married on February 14, 1978. They established their matrimonial domicile at a mobile home in Shreveport. The mobile home was covered by a mobile homeowners insurance policy issued by defendant State Farm.
Two children were born of the marriage, the younger being Amber Whitaker on March 12, 1981.
On February 24, 1982 the couple received a legal separation. Mrs. Whitaker was awarded care and custody of the two minor children. By agreement the mother and the children continued to reside in the mobile home and Mr. Whitaker moved to a separate apartment.
On April 30, 1982 Amber Whitaker drowned in the bathtub of the mobile home after the mother momentarily left her unattended to answer the telephone. This litigation ensued.
In sustaining State Farm's motion for summary judgment the trial court held that Mr. Whitaker, Mrs. Whitaker, and the minor child were all "insureds" according to the insurance policy. Since one insured could not make a claim as a result of injury or death against another insured, the policy did not afford coverage. The court relied on the holdings of Marchese v. State Farm Fire & Cas. Co., 396 So.2d 490 (La.App. 4th Cir.1981) and Bearden v. Rucker, 437 So.2d 1116 (La.1983), in reaching this decision.
The granting of a motion for summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, admissions on file, together with any affidavits filed, show that there is no genuine issue as to a material fact and that the mover is entitled to judgment as a matter of law. La.C.C.P. Art. 966; Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); Chaisson v. Domingue, 372 So.2d 1225 (La.1979); Travelers Ins. Co. v. Blanchard, 431 So.2d 913 (La.App. 2d Cir. 1983).
In the present case the facts are not in dispute. The issue is whether as a matter of law the insurance policy excluded coverage to plaintiff for the death of his minor child.
The policy in question contains the following definitions and exclusions:
"You" and "your" mean the `named insured' [Charles Whitaker] shown in the Declarations. Your spouse is included if a resident of your household.....
1. "bodily injury" means harm, sickness or disease. This includes required care, loss of services and death resulting therefrom.
. . . .
2. "insured' means you and the following residents of your household:
a. your relatives;
b. any other person under the age of 21 who is in the care of a person described above.
. . . .
Under Exclusions the policy states:
1. Coverage L [Personal Liability] and Coverage M [Medical Payments to Others] do not apply to:
. . . .
g. bodily injury to you or an insured within the meaning of part (a) or (b) of the definition of insured.
In the recent case of Bearden v. Rucker, supra, the Supreme Court interpreted a similar definition section in an automobile insurance policy. The court held that a legally separated wife, living in a separate apartment, was still a "resident of the household" of her husband according to the insurance policy in the husband's name and the injuries she received in an automobile accident were covered by the policy. The court also concluded that the wife's mother and her son, both residing with her in the apartment, were also insured because they were relatives of the named insured who were residents of the named insured's household.
*1253 Following the rationale of Bearden, the trial court correctly held that Mr. and Mrs. Whitaker and the minor child were all "insureds" according to the insurance policy. Appellant does not dispute this finding on appeal. However, appellant contends the exclusion for bodily injury to an insured does not apply to the mental anguish and distress suffered by the father because of the death of the child. He argues this exclusion applies only to the pain and suffering of the child prior to her death.
In Marchese v. State Farm Fire & Cas. Co., supra, a mother whose son died in a house fire sued her homeowners insurer for the loss of support, love and affection. The policy in that case had a definition of "bodily injury" and an exclusion for bodily injury to an insured nearly identical to those provisions in the present policy. In Marchese the court held the term "bodily injury" included mental anguish, pain and suffering of the mother; therefore, the coverage was excluded.
We find the trial court correctly held the insurance policy clearly and unambiguously excluded coverage for bodily injury to an insured. Defendant was entitled to a summary judgment as a matter of law.
For these reasons, we affirm the district court judgment at appellant's cost.