607 So.2d 838 (1992)
Byron PITCHER and Leslie Pitcher, on Behalf of Their Minor Child, Byron PITCHER, Jr.
v.
Byron PITCHER, Leslie Pitcher, Milton Henry Quiett, Karla J. Quiett, and Champion Insurance Company, et al.
No. 91 CA 2060.
Court of Appeal of Louisiana, First Circuit.
October 16, 1992.
*839 Johnnie A. Jones, Jr., Ronald Johnson, Baton Rouge, for plaintiffs-appellants/appellees Byron Pitcher and Leslie Pitcher.
James Dill, Lafayette, for defendant-appellee Safeway Ins. Co.
Frederick Haygood, Lafayette, for defendant-appellee Louisiana Ins. Guar. Ass'n.
Before LOTTINGER, C.J., FOIL, J., and COVINGTON[*], J. Pro Tem.
LOTTINGER, Chief Judge.
In this personal injury suit, plaintiffs appeal the trial court's grant of a summary judgment in favor of their automobile liability insurer. The issue on appeal is whether the trial court erred in finding that plaintiffs' automobile liability policy afforded no coverage for the injuries suffered by their minor child.

BACKGROUND
Byron Pitcher, Jr., the minor child of Leslie and Byron Pitcher, allegedly was injured when the family automobile in which he was riding hit another vehicle. Mrs. Pitcher was driving the automobile when the collision occurred. The accident allegedly was due in part to her negligence.
The Pitchers filed suit on behalf of their son against themselves and their automobile liability insurer, Safeway Insurance Company (Safeway), among others. In response, Safeway filed a motion for summary judgment based upon a policy exclusion. After a hearing, the trial court granted the motion for summary judgment. The Pitchers appeal that judgment insofar as it dismissed their suit against Safeway.

ASSIGNMENTS OF ERROR
The Pitchers assign four errors to the trial court's judgment, the first of which cumulates two objections to the summary judgment:
1. The trial court erred in hearing the motion for summary judgment where the 10 days notice required by La.Code Civ.P. article 966 was not given. And the parent-child immunity of La.R.S. 9:571 would only allow Safeway to file a dilatory exception raising the objection of "improper representation" which is waived by Safeway's filing of an answer.
2. The trial court erred in finding that an unlicensed minor, incapable of operating a vehicle, is an insured under the policy because he is a member of the tortfeasor's household.
3. The trial court erred in failing to find that the policy provision, excluding members of the insured's household, violates the public policy of the state and the compulsory insurance law, La.R.S. 32:861.
4. The trial court erred in basing its decision on only isolated, quoted portions of the insurance contract rather than reading the entire contract prior to rendering its decision.
Because we find merit in the third assignment of error, we pretermit the Pitchers' other assignments of error.

*840 DISCUSSION
Plaintiffs' liability policy contains the following provision:
Exclusions. This policy does not apply under Part I [the liability provisions]: (a) to bodily injury, or property damage to the named insured and any member of the family of the insured residing in the same household as the insured. The term "insured" as used in this exclusion means the person against whom claim is made or suit is brought.
Plaintiffs contend that the exclusion violates the Compulsory Motor Vehicle Liability Security Law (hereafter "the Compulsory Insurance Law"), La.R.S. 32:861. That section provides, in pertinent part, as follows:
§ 861. Security required
A. (1) Every self-propelled motor vehicle registered in this state ... shall be covered by an automobile liability policy with liability limits as defined by R.S. 32:900(B)(2), or a binder for same, or by a motor vehicle liability bond ..., or by a certificate of the state treasurer stating that cash or securities have been deposited with said treasurer ..., or by a certificate of self insurance....
La.R.S. 32:900(B)(2) states, in part, as follows:
B. Such owner's policy of liability insurance:
(2) Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such motor vehicle or motor vehicles....
In Clarke v. Progressive American Insurance Company, 469 So.2d 319 (La.App. 2d Cir.1985), the Second Circuit Court of Appeal addressed the validity of a provision in an automobile liability policy which excluded coverage for bodily injury to an insured who was a passenger in the covered vehicle. The court based its opinion upon the statutory policy expressed in the Direct Action Statute, La.R.S. 22:655, and the Compulsory Insurance Law. The Direct Action Statute provides that all liability policies within their terms and limits are executed for the benefit of all injured persons, and their survivors or heirs to whom the insured is liable. The court stated that the Compulsory Insurance Law reinforces that policy, and that its purpose is to provide compensation for persons injured by the operation of insured vehicles. Clarke, Id. at 321. It found that the provision excluding coverage for bodily injury to an insured was contrary to express and implied statutory policy. Id. at 323. The court further noted that similar exclusions had been held unenforceable in other states. Id. at 321-322.
As in Clarke, the present provision excludes from liability coverage a specific class of victim who may be entitled by law to recover for a tortfeasor's negligence except for their relationship to a person who is insured under the policy.[1] The exclusion fails to comport with the statutory policy of this state.[2] Therefore, the trial court erred *841 in granting Safeway's motion for summary judgment based upon that exclusion.[3]
For these reasons, that portion of the judgment of the trial court dismissing the suit against Safeway Insurance Company is REVERSED. The matter is REMANDED to the trial court for further proceedings consistent with this opinion. Costs are to be paid by defendant.
REVERSED AND REMANDED.
NOTES
[*] Judge Grover L. Covington, retired, is serving as judge pro tem by special appointment of the Louisiana Supreme Court.
[1] Byron, Jr., is considered entitled by law to recover for his mother's negligence even though she is immune from suit pursuant to La.R.S. 9:571. In order to be "legally entitled to recover" for the tortfeasor's negligence, the plaintiff need only establish fault on the part of the tortfeasor which gives rise to damages and prove the extent of those damages. See Gremillion v. State Farm Mutual Automobile Insurance Company, 302 So.2d 712 (La.App. 3rd Cir.), writ denied, 305 So.2d 134 (La.1974). See also Deshotel v. Travelers Indemnity Company, 257 La. 567, 243 So.2d 259 (1971).
[2] Safeway cites several cases which upheld similar exclusions. However, Whitaker v. State Farm Fire and Casualty Company, 454 So.2d 1251 (La.App. 2d Cir.1984), writ denied, 462 So.2d 1262 (La.1985), and Marchese v. State Farm Fire and Casualty Company, 396 So.2d 490 (La.App. 4th Cir.1981), dealt with homeowner's policies, not automobile liability policies. Guy v. Egano, 236 So.2d 542 (La.App. 4th Cir.), writ denied, 239 So.2d 354 (La.1970), and Hebert v. North British and Mercantile Insurance Co., 204 So.2d 655 (La.App. 3d Cir.1967), writ refused, 206 So.2d 97 (La.1968), were decided before the enactment of the Compulsory Insurance Law in 1977. See La. Acts 1977, No. 115. Therefore, the policy considerations discussed in those cases do not apply here. Hearty v. Harris, 574 So.2d 1234 (La.1991), dealt with the exclusion of omnibus coverage by a self insurer, not an automobile liability insurer. Consequently, that decision also does not control herein.
[3] Because we reverse the judgment on this ground, we decline to address the remaining assignments of error.