726 So.2d 71 (1998)
Pier F. JENKINS
v.
CNA INSURANCE COMPANY
No. 98 CA 0022.
Court of Appeal of Louisiana, First Circuit.
December 28, 1998.
*72 Frank J. D'Amico, Jr., New Orleans, for Plaintiff-Appellant Pier F. Jenkins.
Michael K. Springman, Metairie, for Defendant-Appellee Continental Casualty Co.
Before: GONZALES, KUHN, and WEIMER, JJ.
KUHN, J.
Plaintiff-appellant, Mrs. Pier F. Jenkins, appeals the trial court's judgment granting a motion for summary judgment filed by defendant-appellee, Continental Casualty Company ("Continental").[1] This appeal addresses:
*73 1) the validity of an insurance policy exclusion of coverage for bodily injury to any family member of the insured caused by the insured or any family member, and 2) whether the policy unambiguously excludes such coverage. We affirm.

I. FACTS
Mrs. Jenkins filed suit against Continental, alleging she was injured by the negligence of her husband, Mr. Bryan D. Jenkins, while she was a passenger/invitee aboard a boat operated by him. More specifically, she alleged that on May 29, 1995, while she and her husband were fishing in their 1984 Chapparal boat in Lake Pontchartrain, her husband noticed a disabled vessel. Mr. Jenkins, who was operating the boat, offered to tow the disabled vessel. Mrs. Jenkins remained on board the boat during the tow operation. The petition further alleged that Mr. Jenkins' failure to properly navigate the boat caused it to crash into a seawall resulting in severe injury to Mrs. Jenkins' right thumb which required surgery. Plaintiff sought to recover damages based on La. C.C. art. 2315; the Jones Act, 46 U.S.C.App. § 688; and the general maritime law of the United States.
Continental answered the suit generally denying Mrs. Jenkins' claims and asserting it is not liable for any damages based on the policy's exclusion of coverage for claims made by a family member for bodily injury caused by another family member. Continental alternatively asserted that Mrs. Jenkins was guilty of comparative negligence. Later, Continental filed a motion for summary judgment on the grounds that the policy issued to Mr. and Mrs. Jenkins did not provide coverage for Mrs. Jenkins' claim.
The general insuring language of Continental's universal security deluxe policy provides personal liability coverage for bodily injury "[i]f a claim or suit is brought against you or any covered person ...." The policy also provides medical expense coverage, as follows in pertinent part:
We will pay medical expenses, up to the amount shown on the coverage summary, incurred or medically ascertained within three years from the date of accident.... "Medical Expense Coverage" applies:
1. If caused by a motor vehicle or boat accident; and
2. If sustained by you or any covered person while occupying your ... boat....[2]
(Footnote added.)
Under the heading, "LIABILITY, UNINSURED/UNDERINSURED MOTORISTS AND MEDICAL EXPENSE LOSSES WE DO NOT COVER," the policy further provides:
We do not provide coverage for:
* * *
6. You or any family member for ... bodily injury to you or any family member caused by you or any family member, except for medical expense payments arising out of automobile accidents.[3]
(Footnote added.)
The trial court granted Continental's motion and signed a judgment in favor of Continental, dismissing Mrs. Jenkins' suit. She has appealed urging that certain provisions of the policy are ambiguous and misleading and should be construed in her favor. Mrs. Jenkins also urges the inter-family injury exclusion contained in the policy: 1) is absolutely null as it pertains to vessels and injuries incurred on navigable waters because it *74 contravenes federal maritime law; 2) unfairly and illegally discriminates against Mrs. Jenkins by providing coverage for non-related passengers, swimmers, harbor workers and water-skiers while not providing coverage for the related passengers or hosts of the vessel; and 3) denies the insured her right to recover pursuant to Louisiana's direct action statute, La. R.S. 22:655 B.

II. ANALYSIS

A. Is the applicable language of the insurance policy misleading or ambiguous?

1. Is the definition of "Covered Person(s)" misleading?
Appellant asserts that the definition of "covered person(s)" provided by the policy is misleading "because it lures the reader to believe that family members living in the household are `covered' when in fact other exclusions to the contrary exist in the policy." Appellant complains that because the definition does not alert the insured to the inter-family injury exclusion, the policy is ambiguous. Appellant does not actually assert that the wording of the definition and/or the exclusion is misleading or ambiguous.
In Ledbetter v. Concord General Corp., 95-0809 (La.1/6/96); 665 So.2d 1166, judgment amended, 95-0809 (La.4/18/96); 671 So.2d 915, the supreme court set forth the following legal axioms concerning the interpretation of insurance policies. The court stated:
An insurance policy is an agreement between the parties and should be interpreted by using ordinary contract principles. Smith v. Matthews, 611 So.2d 1377, 1379 (La.1993). The parties' intent, as reflected by the words of the policy, determine the extent of coverage. Such intent is to be determined in accordance with the general, ordinary, plain and popular meaning of the words used in the policy, unless the words have acquired a technical meaning. La. Civ.Code art.2047; Louisiana Insurance Guaranty Association v. Interstate Fire & Casualty Co., 93-0911 (La.1/14/94); 630 So.2d 759, 763. If the policy wording at issue is clear and expresses the intent of the parties, the agreement must be enforced as written. Pareti v. Sentry Indemnity Co., 536 So.2d 417, 420 (La.1988).
Exclusionary provisions in insurance contracts are strictly construed against the insurer, and any ambiguity is construed in favor of the insured. Garcia v. St. Bernard Parish School Board, 576 So.2d 975, 976 (La.1991). However, the rule of strict construction does not "authorize a perversion of language, or the exercise of inventive powers for the purpose of creating an ambiguity where none exists." Muse v. Metropolitan Life Ins. Co., 193 La. 605, 192 So. 72, 75 (1939). Insurance companies have the right to limit coverage in any manner they desire, so long as the limitations do not conflict with statutory provisions or public policy. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94); 634 So.2d 1180, 1183.

Ledbetter v. Concord General Corp, 95-0809 at pp. 3-4; 665 So.2d at 1169.
Another pertinent legal axiom is that an insurance contract is to be construed as a whole, and one portion thereof should not be construed separately at the expense of disregarding another. Pareti v. Sentry Indemnity Co., 536 So.2d at 420.
In the present case, appellant seeks to have this court apply only part of the applicable policy language. Although family members are "covered persons" under the terms of the policy, the policy also clearly excludes coverage for bodily injury to those family members when the injury is caused by another family member. The exclusionary language is unambiguous and as addressed more fully below, we conclude Continental is legally entitled to limit coverage in this manner. The insuring language and the policy definitions must be read in conjunction with the exclusions set forth in the policy. We find no merit in appellant's assertion that the policy is ambiguous because the definition of "covered person" does not reference the exclusions set forth in the policy that might alter coverage for a "covered person." A clear and unambiguous provision in the insurance contract limiting liability must be *75 given effect. Ledbetter v. Concord General Corp., 95-0809 at p. 7; 665 So.2d at 1170.

2. Is the policy language pertaining to medical expense coverage ambiguous?
Appellant asserts that the Boat Amendatory Endorsement extends coverage to "swimmers and water-skiers who are passengers on the insured boat when not in the water." Appellant claims the endorsement is ambiguous and should be interpreted to find that the policy provides her with medical expense coverage. This endorsement provides, in pertinent part, that medical expense coverage also applies "if sustained by any person while being towed on water-skis by your covered boat" or "if sustained by you or any covered person, while in the water, if struck by any boat." Appellee asserts that regardless of the effect of the Boat Amendatory Endorsement, the policy does not provide medical expense coverage for Mrs. Jenkins' claim due to the inter-family bodily injury exclusion.
The Boat Amendatory Endorsement clearly provides additional instances in which medical expense coverage is generally afforded under the policy. The language of the endorsement is not applicable based on the facts as alleged by appellant's petition. Her injury was neither sustained while she was being towed on water-skis nor while she was in the water. However, regardless of this endorsement, we agree with appellee that the inter-family injury exclusion clearly and unambiguously operates to exclude medical expense coverage for appellant's injuries which were allegedly caused by her husband's negligence.

B. Does the exclusion contravene federal maritime law?
Mrs. Jenkins asserts that admiralty law governs her claim because she was injured on a navigable waterway while taking part in maritime activities. She contends the inter-family exclusion vitiates her right of recovery guaranteed by the federal general maritime law. Citing Byrd v. Byrd, 657 F.2d 615, 618 (4th Cir.1981), Mrs. Jenkins argues that state law should not be applied where its application would defeat an otherwise meritorious maritime claim.
In Byrd v. Byrd, a wife filed suit against her husband seeking to recover damages for injuries she allegedly sustained due to her husband's negligence in maintaining an unsafe pleasure boat. The court considered the issue of whether the State of Virginia's doctrine of interspousal immunity applied within the federal admiralty jurisdiction to preclude the wife's tort action. In Byrd, the parties agreed that the case fell within the court's admiralty jurisdiction. Byrd, 657 F.2d at 616. The court found that maritime law was to be applied to measure the rights and liabilities arising from conduct occurring on vessels on the navigable waters, and recognized that negligence in the operation of a boat creates a federal right of recovery in all who are injured as a result of the negligence. Thus, the court determined that the application of Virginia's state law on interspousal immunity would operate to defeat a substantial admiralty right of recovery. Recognizing that the general trend among the states was toward the abolition of the interspousal immunity, the court declined to adopt or give effect to the doctrine of interspousal immunity within the admiralty law. The court held that the marriage between the plaintiff and the defendant did not create an immunity barring recovery for torts occurring within the federal admiralty jurisdiction. Byrd, 657 F.2d at 621.
In the present case, it is not necessary for us to determine whether federal admiralty law is applicable in order to resolve the issues presented by appellant. Even if we assume federal admiralty law is applicable to the facts of this case, we find no merit in appellant's contention that the insurance policy exclusion vitiates her right to recover under general maritime law. While negligence in the operation of a boat creates a federal right of recovery in all who are injured by the negligence, federal admiralty law does not mandate or insure that the injured person will be protected by insurance coverage for such negligence. Assuming for the sake of argument that the holding in Byrd v. Byrd applies to this case, Mrs. Jenkins may be entitled to sue her husband based on his negligent operation of the boat despite Louisiana's doctrine of interspousal *76 immunity provided for in La. R.S. 9:291. Neither Byrd v. Byrd nor any public policy consideration establishes that liability insurance coverage for the negligent operation of a boat is mandated by federal admiralty law. Therefore, the existence of a federal maritime cause of action by Mrs. Jenkins against her husband would no mandate that Continental, as Mr. Jenkins' insurer, was liable for his negligence.

C. Does the insurance policy exclusion result in unlawful discrimination against family members?
Mrs. Jenkins urges that the exclusion at issue unlawfully discriminates against family members in favor of non-related parties. She argues that family members face the same exposure to injury as anyone else who might occupy a vessel when it is operated in a negligent manner. Mrs. Jenkins asserts the exclusion is contrary to public and statutory policy and should be considered null.
Louisiana Revised Statute 22:652 provides, in pertinent part:
No insurer shall make or permit any unfair discrimination in favor of particular individuals or persons, or between insureds or subjects of insurance having substantially like insuring risk, and exposure factors, or expense elements, in the terms or conditions of any insurance contract, or in the rate or amount of premium charged therefor, or in the benefits payable or in any other rights or privileges accruing thereunder.
Our jurisprudence recognizes that insurance companies have the right to limit coverage if the restrictions are clear and are not in conflict with constitutional, statutory, or public policy provisions. Pareti v. Sentry Indemnity Co., 536 So.2d at 421.
In the present case, appellant submits that "[t]he only plausible argument Continental could put forth is that the insuring risk warrants discrimination for family members because of fraudulent and frivolous inner family claims and the collusion inherent in bringing such claims." Appellant submits, however, that her "claim is real" and "her right to recover for her loss overrides such a(sic) erroneous claim of possible future frauds upon the courts."
We find that the possibility of collusion among family members is a legitimate reason for excluding coverage for claims for injury resulting from the negligence of a family member. While we recognize that there will be instances when those who are insured will be legitimately injured as the result of the negligence of a family member, we do not believe that statutory or public policy precludes insurance companies from excluding coverage for these types of claims. We conclude Continental had the right to exclude such coverage and that the policy clearly and unambiguously sets forth the exclusion.[4]

D. Does the exclusion deny the insured a right of recovery in contravention of Louisiana's direct action statute, La. R.S. 22:655?
Appellant asserts that the Louisiana direct action statute, La. R.S. 22:655, entitles her to "sue the insurer of the party responsible directly without joining the negligent party." She claims that La. R.S. 22:655 "legalizes the type of action brought by [herself] both specifically and generally, trumping the liability limiting exclusion." (Footnotes omitted.) Appellant urges that La. R.S. 22:655 B(1)(d) "specifically and directly *77 contradicts the [inter-family injury] exclusion."
La. R.S. 22:655 B(1) states, in pertinent part:
The injured person ... shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido .... However, such action may be brought against the insurer alone only when:
* * *
(d) ... the cause of action is for damages as a result of an offense or quasi-offense... between married persons ....
(Emphasis added.)
We acknowledge that La. R.S. 22:655 B(1) affords appellant the right to bring an action against Continental without being required to join Mr. Jenkins, the alleged negligent party, as a defendant in the litigation. However, the direct action statute does not guarantee appellant the right to recover damages from Continental regardless of the coverage afforded by the policy. La. R.S. 22:655 B(1) clearly provides that the injured person has a right of direct action against the insurer "within the terms and limits of the policy." Thus, while appellant is entitled to bring a direct action against Continental, because the policy clearly and unambiguously excludes coverage for the claims she asserts, she is not entitled to recover damages from Continental.

III. CONCLUSION
For these reasons, we affirm the trial court's judgment granting Continental Casualty Company's motion for summary judgment, and dismissing Mrs. Jenkins' suit. Costs of this appeal are to be paid by plaintiff-appellant, Pier F. Jenkins.
AFFIRMED.
NOTES
[1] Plaintiff actually named CNA Insurance Company as the defendant insurance company. The defendant also identified itself as CNA Insurance Company in its answer. However, in its motion for summary judgment, the defendant set forth that it had been erroneously designated as CNA Insurance Company and identified itself as Continental Casualty Company. The judgment on the motion for summary judgment identified the defendant as Continental Casualty Company. For convenience, we refer to Continental Casualty Company as the defendant throughout this opinion.
[2] The policy includes a transition endorsement which amends the medical expense coverage section of the policy. The quoted language reflects the policy as amended by this endorsement.
[3] The policy defines "Covered Person(s)" as "your family members" and "any other person under the age of 21 who is in the care of any [family member]." The policy defines "Family Member," in pertinent part, as "a person related to you by blood, marriage or adoption who is a resident of your household."
[4] While appellant does not assert that there is a compulsory liability law applicable to boats, appellant argues that "[t]he public policy, which makes inner family injury exclusions illegal in auto liability policies, is the same public policy, which makes the exclusion illegal in boat liability policies." In light of La. R.S. 32:900L (added by Acts 1992, No. 979, § 1), which provides that "an insurer and an insured may by written agreement exclude from coverage any named person who is a resident of the same household as the named insured[,]" we do not agree with appellant's position that public policy would necessarily invalidate this type of exclusion in an automobile liability policy. Similarly, we do not conclude that public policy prohibits the exclusion at issue in this policy. See Whitaker v. State Farm Fire and Casualty Co., 454 So.2d 1251 (La.App. 2d Cir.1984), writ denied, 462 So.2d 1262 (La.1985) and Marchese v. State Farm Fire and Casualty Co., 396 So.2d 490 (La.App. 4th Cir.1981), addressing similar policy exclusions contained in homeowner's policies.