736 So.2d 243 (1999)
Marai SALTZMAN, Plaintiff Appellant,
v.
Travis M. BROUSSARD, Farm Bureau Insurance Company, Kevin Saltzman and State Farm Insurance Company, DefendantsAppellees.
No. 98-1065.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1999.
*244 Clayton Arthur Larsh Davis, Lake Charles, for Marai Saltzman.
Frank M. Walker Jr., for Travis M. Broussard et al.
Robert Samuel Dampf, Lake Charles, for State Farm Fire & Casualty.
H. O. Lestage III, De Ridder, for Kevin Saltzman.
Chantell M. Smith, AGA, Baton Rouge, for Louisiana, Dept. of Wildlife & Fisheries.
BEFORE: THIBODEAUX, AMY, and SULLIVAN, Judges.
THIBODEAUX, Judge.
Marai Saltzman appeals a summary judgment granted to State Farm Insurance, her former liability and homeowner insurer, for injuries she sustained in a boating accident with her former husband during their marriage. The basis for the summary judgment was an exclusion of coverage for bodily injury to an insured. Marai Saltzman was a named insured on the policy and was married to and residing with the other named insured, Kevin Saltzman, at the time of the accident. Following our de novo review of the record and for the following reasons, we affirm the summary judgment granted to State Farm Insurance Company.

I.

ISSUE
Does the exclusion in a homeowner's liability policy denying coverage to an insured violate the public policy considerations of La.R.S. 22:655(D), Louisiana's Direct Action Statute?

II.

FACTS
On July 7, 1996, Marai Saltzman was injured when a motorboat operated by her husband, Kevin Saltzman, collided with a boat operated by Travis Broussard. Marai and Kevin Saltzman were subsequently divorced but were married and living together at the time of the boating accident. While living together as husband and wife, Kevin and Marai obtained a homeowner's and personal liability insurance policy from State Farm which was effective on the date of the accident. The named insureds on the policy were listed as "Saltzman, Kevin J. and Marai D."
Marai sued the other boat operator and his insurer and subsequently settled with those defendants. She also sued Kevin, dismissed him, and she is now pursuing their former homeowner and liability insurer, State Farm, under Louisiana's Direct Action Statute. Marai alleges that Kevin was partially at fault for the accident, and that State Farm is liable for his actions. State Farm asserted an exclusion in its policy wherein the policy's personal liability section provides that coverage will not apply to the bodily injury of any insured. The trial court granted summary judgment to State Farm based upon the validity of the exclusion.

III.

LAW AND DISCUSSION

Standard of Review
"Appellate courts review summary judgments de novo, under the same criteria *245 that govern the district court's consideration of the appropriateness of summary judgment." Benoit v. Roche, 94-715, p. 5 (La.App. 3 Cir. 6/14/95); 657 So.2d 574, 576; see also Schroeder v. Board of Supervisors, 591 So.2d 342 (La.1991). A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966.

Issue of Law
In the present case, the facts are not in dispute. The issue is whether as a matter of law, the homeowner/liability policy could legally exclude coverage to the plaintiff for the injuries she sustained while an insured under that policy, or whether such an exclusion is against public policy. It is well settled that insureds and insurers are free to contract and limit their liability through exclusions as long as the exclusions do not violate statutory mandates or public policy. Hearty v. Harris, 574 So.2d 1234 (La.1991). The State Farm policy issued to Kevin and Marai Saltzman during their marriage generally provided for property damage to their house and other limited property, and provided personal liability coverage for the Saltzmans if their actions damaged others. The policy, like most personal liability policies, did not cover bodily injury to the Saltzmans themselves and contained the following language:
1) Coverage L and Coverage M do not apply to:
h) Bodily injury to you or any insured within the meaning of Part A or B of the definition of "insured."
An insured is defined as follows:
Insured means you and if residents of your household:
a) Your relatives; and
b) Any other person under the age of 21 who is in the care of a person described above.
The plaintiff contends that this exclusion of coverage for the bodily injury of a coinsured violates the public policy of Louisiana's Direct Action Statute, and is therefore unenforceable. We disagree.
Louisiana's Direct Action Statute, La. R.S. 22:655, addresses the tort victim's right of access to an insured who may be insolvent, in bankruptcy, or otherwise unavailable for service of process. It also pertains to suits between spouses. The statute provides in pertinent part:
§ 655. Liability Policy; insolvency or bankruptcy of insured and inability to effect service of citation or other process; direct action against insurer
A. No policy or contract of liability insurance shall be issued or delivered in this state, unless it contains provisions to the effect that the insolvency or bankruptcy of the insured shall not release the insurer from the payment of damages for injuries sustained or loss occasioned during the existence of the policy....
B. (1) The injured person or his or her survivors or heirs mentioned in Subsection A, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy (emphasis added)....
D. It is also the intent of this Section that all liability policies within their terms and limits are executed for the benefit of all injured persons and their survivors or heirs to whom the insured is liable; and, that it is the purpose of all liability policies to give protection and coverage to all insureds ... for any legal liability said insured may have as or for a tort-feasor within the terms and limits of said policy (emphasis added).
Ms. Saltzman focuses on only part of the language and interprets this provision as giving life to a policy consideration *246 which extends insurance coverage to "all injured persons," including herself as a named insured. However, the statute, which pertains to liability insurance, not personal medical insurance, clearly states that its purpose is to protect the insured against liability for his own tortious acts upon others. Moreover, Ms. Saltzman fails to observe that the statute clearly states twice in Subsection D that the protections will only be applied "within the terms and limits of said policy." Ms. Saltzman compares La.R.S. 22:655 to Louisiana's compulsory motor vehicle liability insurance statute, La.R.S. 32:861, generally known as the Compulsory Liability Insurance Law. La.R.S. 32:861 mandates that vehicle owners must obtain liability insurance coverage on all self-propelled motor vehicles in Louisiana for the protection of all innocent tort victims. Ms. Saltzman cites a few automobile accident cases refusing to enforce the "household" exclusion (named insureds and resident family members in the household) in automobile policies as against the Compulsory Insurance Law and its underlying public policy of protecting all tort victims of the insured driver.
The most pertinent case relied upon by Ms. Saltzman is Clarke v. Progressive American Ins. Co., 469 So.2d 319 (La.App. 2 Cir.1985). The Clarke case held that an exclusion was against public policy where it attempted to exclude a co-insured family member who was injured while riding as a passenger in the family motor vehicle. The court found that the compulsory vehicle insurance statute, La.R.S. 32:861, reinforced the policy of the Direct Action Statute at issue herein, La.R.S. 22:655. The court implied that the uninsured requirement of La.R.S. 22:1406 D(1) also reinforced La.R.S. 22:655, all seeking to provide a remedy for all faultless victims of motor vehicle accidents.
However, the jurisprudence cited by Ms. Saltzman addressed motor vehicle accidents and motor vehicle policies, which are clearly mandated and regulated by statute, and did not address homeowner policies and their personal liability provisions. Moreover, Clarke specifically admitted that other cases refusing to find such exclusions against public policy involved homeowner's insurance policies, such as the one under consideration in this case. Hence, the jurisprudence relied upon by the plaintiff to strike down the exclusion limits its holding to cases involving motor vehicle policies, and distinguishes cases involving homeowner/liability policies.
The cases which Clarke distinguished, because they involved homeowner policies such as the one at issue herein, were also cited by the defendant, State Farm. They include Whitaker v. State Farm Fire & Cas. Co., 454 So.2d 1251 (La.App. 2 Cir. 1984), writ denied, 462 So.2d 1262 (La. 1985), and Marchese v. State Farm Fire & Cas. Co., 396 So.2d 490 (La.App. 4 Cir. 1981). We find these cases persuasive in resolving the issue in this case, and find Marchese particularly on point.
In Marchese, 396 So.2d 490, the insured's child was killed in a house fire. The court held that the homeowner policy's exclusion for bodily injury to an insured specifically applied to the resident child and his mother and did not violate the policy considerations of the Direct Action Statute, La.R.S. 22:655. The court recalled the established principle of Louisiana jurisprudence that the insurer and insured may agree to limit liability coverage and their liability exposure in any manner they choose, in the absence of a statutory provision to the contrary. Finding no statutory provision which prohibited the limitation of liability complained of, Marchese upheld the exclusion and the summary judgment granted to the insurer.
In the present case involving a homeowner's and personal liability policy, the Direct Action Statute, La.R.S. 22:655, cannot on its own be extended to protect an excluded co-insured on a homeowner's policy. It is clear from the statute that its purpose is to provide the injured victim a *247 route of access directly to the insurance provider when the insured is immune from suit. The policy behind the statute is to protect the public by giving them access to the insured's coverage, not to protect the insured for his own injuries. There is nothing in the legislative history or the statute itself which suggests that the legislature intended such a drastic result as the voiding of these policy exclusions. The liability policy at issue was purchased in order to insure against injuries to others who are not members of the family. If the head of the household wants coverage for his own family members, then that particular first party coverage should be purchased in addition to liability coverage. The fact that the former spouse, who was a named insured herself, is seeking coverage is even more problematic. She was a consenting party to the contract of homeowner insurance, which is an elective form of insurance. Hence, the effect of our striking down this exclusion today would be equivalent to transmuting a policy of liability insurance into a policy of first party medical insurance.
The use of La.R.S. 22:655 to strike an exclusion for bodily injury to the insured in order to cover "all injured persons" would lead to the abolition of almost all exclusions, including exclusions for intentional acts, malicious acts, business pursuits, and perhaps all others. At some point, all persons injured by any act of the insured would claim an entitlement to coverage. In the specific context of a homeowner's policy, we are persuaded in the present circumstances that a court should not proceed to act on a supposed public policy not announced or implied by the legislature.
Moreover, the Louisiana legislature has not promulgated a statute similar to the compulsory motor vehicle liability insurance law or the uninsured motorist law to reinforce such an extension to the homeowner context, or to invalidate the exclusion at issue in this case. The lack of such legislation, and accordingly the lack of a derivative public policy, justifies our upholding the exclusion in the State Farm policy.
It should further be noted that La.R.S. 32:861, relied upon by Clarke to provide reinforcement for the policy considerations in the Direct Action Statute, and to show that all injured victims must be protected, was amended in 1992 to allow the exclusion of certain drivers inside the household. More specifically La.R.S. 32:900, defining the required motor vehicle liability policy, states at Subsection L that:
L. Notwithstanding the provisions of Paragraph B(2) of this Section, an insurer and an insured may by written agreement exclude from coverage any named person who is a resident of the same household as the named insured.
Hence, the jurisprudentially-established principle that an insurer and insured may agree to limit liability coverage and their liability exposure through policy exclusions was effectively codified in 1992 after Clarke was decided.
In addition to the lack of statutory support for disallowing the exclusion in the State Farm homeowner policy, the public policy considerations are different, in our view, for compulsory vehicle liability coverage and non-compulsory homeowner/personal liability coverage. The Louisiana Highway Regulatory Act of Title 32 operates to regulate motor vehicles on our highways because they are dangerous, moving instrumentalities, different from other insurable property, and capable of inflicting more damage than individuals. The Highway Regulatory Act at La.R.S. 32:53 provides that "[n]o person shall ... knowingly permit any vehicle owned or controlled by him to be driven or moved, on any highway ... in such unsafe condition as to endanger any person or property."
The Louisiana Supreme Court discussed the duty to maintain a vehicle and the differences between an individual's garde of an automobile, and the general garde of *248 a thing under La.Civ.Code art. 2317 in King v. Louviere, 543 So.2d 1327 (La. 1989). There, the Court stated that "the owner of an automobile, unlike the owner of some other things, has the garde of the vehicle even if the vice or defect causing damage to another arises after the owner transfers physical possession of the car to someone else." King, 543 So.2d at 1330.
In describing La.R.S. 32:861's duty to insure against liability arising out of the use of vehicles upon the highways and roads of the state, the King Court articulated the public policy of the highway regulatory statutes:
The statutory provisions regulating the maintenance and equipment of automobiles constitutes express legislative recognition of the fact that improperly maintained motor vehicles threaten a grave risk of serious bodily harm or death; that the responsibility for minimizing that risk rests primarily with the person who owns the vehicle; and that the discharge of the duty to maintain the safety of his vehicle is of the utmost importance to the public (emphasis added).
These provisions reflect a policy that the owner of a motor vehicle shall have the responsibility of compensating for any damage done to others by his failure to properly maintain the vehicle even if the accident which caused the damage occurs while the vehicle is being operated by another person.
King, 543 So.2d at 1330.
Hence, it is clear that the vast regulatory scheme of Title 32, whose laws and annotations encompass over 1100 pages in West's Revised Statutes, Volume 18A, is the result of the legislature's recognition of a public need for the regulation of "dangerous undertakings" and the suppression of "mischief" on the highways through mandatory insurance coverage. See Hearty v. Harris, 574 So.2d at 1243 (La. 1991) (Dennis, J., dissenting). Homeowners, on the other hand, do not pose as large a risk to the public, as the public generally goes in quite limited numbers upon the property of the insured and is otherwise affected in much more limited amounts by the actions of the insured. No such policy considerations have been codified or created in jurisprudence for homeowner insurance policies similar to those in place for automobile insurance policies.
Motor vehicle policies are statutorily mandated and stringently regulated, even as to minimum amounts of coverage at $10,000 per person and $20,000 per accident. Homeowner policies are elective. Consequently, we cannot expound a similar rationale under the facts of this case. Should the legislature recognize a public need to regulate homeowner's insurance or boating insurance and/or personal general liability policies such that a similar rationale could be applied to Ms. Saltzman's accident, we might be justified in extending that rationale. However, "an insurer has a right to restrict his liability unless such restriction conflicts with statutory requirements or is contrary to public policy," Hearty v. Harris, 574 So.2d at 1239, and we find none here. In the present case, there simply is no statute, and hence no public policy deriving from statute, which forbids the exclusion in homeowner's insurance, an elective form of protection.

IV.

CONCLUSION
Summary judgments are now favored to secure a just and speedy determination of actions, pursuant to the 1996 amendment to La.Code Civ.P. art. 966. The burden of proof has not changed. The initial burden is still on the mover to show that there is no genuine issue as to material fact and that the mover is entitled to summary judgment as a matter of law. After the mover has met this burden of production, the opposition must submit evidence showing the existence of specific facts establishing a genuine issue of material fact, effectively shifting the burden of production to the non-moving party.
*249 In the present case, the parties stipulated to the material facts regarding Ms. Saltzman's marital status and residency with Mr. Saltzman at the time of the accident. The State Farm policy entered into the record clearly shows Marai D. Saltzman as a named insured under the policy. There are no issues of fact to be decided. We find that, as a matter of law, the policy's exclusion of Mrs. Saltzman's injuries does not violate La.R.S. 22:655(D) or any derivative public policy, and that State Farm has shown its entitlement to summary judgment as a matter of law. Ms. Saltzman, however, has not carried her burden of proof of production, and summary judgment in favor of State Farm Insurance Company is hereby affirmed with costs of this appeal assessed to plaintiff.
AFFIRMED.