J^SHORTESS, J.
Does a provision in a boatowners policy that excludes liability coverage for the named insured violate public policy? This is the sole issue before us.
Daniel L. Callihan (Callihan) was killed in a boating accident on the Tickfaw River in Livingston Parish on August 3, 1996. His wife, Charmaine Callihan, and their two children, Daniel L. Callihan, Jr., and Brianne Callihan (plaintiffs), sued Brett Hiatt, the operator of the boat. Plaintiffs also sued State Farm Fire & Casualty Company (defendant), which had issued a boatowners policy insuring the boat involved in the accident. The policy provided property-damage and watercraft-liability coverage, with the following exclusion under the watercraft-liability coverage: “[Watercraft liability] does not apply to ... bodily injury to you.... ” “You” is defined in the policy as the named insured, who, in this case, was Callihan.
Defendant moved for summary judgment, asserting the named-insured exclusion. Plaintiffs filed a cross-motion, asserting the exclusion was void as against public policy. The trial court found the policy language clearly excluded coverage to Callihan. It granted plaintiffs’ motion, however, and denied defendant’s, decreeing that the named-insured exclusion was void. Defendant then filed this application for supervisory writs, contending the trial court erred in denying its motion.[1]
*303 Exclusions similar to the one at issue here have been uniformly upheld by Louisiana courts when contained in homeowners policies.[2] Since the advent of compulsory liability insurance for automobiles, however, Louisiana courts have refused to apply the same exclusion in automobile Lability policies. In Clarke v. Progressive American Insurance Company,[3] the second circuit began its analysis by quoting Louisiana Revised Statute 22:655(D), which sets forth the policy underlying the Louisiana direct-action statute:
It is also the intent of this Section that all liability policies within their terms and limits are executed for the benefit of all injured persons and their survivors or heirs to whom the insured is liable; and, that it is the purpose of all liability policies to give protection and coverage to all insureds, whether they are named insured or additional insureds under the omnibus clause, for any legal Lability said insured may have as or for a tort-feasor within the terms and limits of said policy.
The Clarke court noted that the Louisiana compulsory-liabihty law, Revised Statute 32:861, reinforced that policy. It quoted Fields v. Western Preferred Casualty Company,[4] which stated: “The purpose of the compulsory [liability security] law is not to protect the owner or operator against Lability, but to provide compensation for persons injured by the operation of insured vehicles.” The court then found that a provision in an automobile poLcy that excluded coverage to an innocent insured violated the poLcy of the compulsory-liability law. It distinguished this case from homeowners policies with similar exclusions by stating those cases did not involve a “compulsory automobile liability policy ,”[5] This circuit followed Clarke in another automobile-liability-policy case, Pitcher v. Pitcher.[6]
In this case, the trial court adopted the Clarke reasoning in invalidating the exclusion, stating: “A boat is more analogous to an automobile than to a residence or home.” What the trial court overlooked, however, is that the Clarke result was based on the compulsory nature of automobile-liability insurance. There is no compulsory liability-insurance requirement for watercraft.
In the recent case of Saltzman v. Broussard,[7] the third circuit was faced with facts very similar to those in this case. Marai Saltzman was injured in a boating accident. She sued her homeowners insurer, State Farm, alleging the negligence of her husband, Kevin Saltz-man, caused her injuries. Both Marai and Kevin Saltzman were named insureds. The policy included watercraft-liability coverage and the identical exclusion at issue herein. The third circuit rejected Ma-rai Saltzman’s argument that the exclusion violated pubLc policy, noting that the public-policy considerations were different for compulsory vehicle-liability coverage and non-compulsory homeowner/personal La-bility coverage. The court stated:
[T]he vast regulatory scheme of Title 32 ... is the result of the legislature’s recognition of a public need for the regulation of “dangerous undertakings” and the suppression of “mischief’ on the highways through mandatory insurance coverage. No such poLcy considerations have been codified or created in jurisprudence for homeowner insurance poli- *304 cíes similar to those in place for automobile insurance policies.
Motor vehicle policies are statutorily mandated and stringently regulated.... Homeowner policies are elective. Consequently, we |4cannot expound a similar rationale under the facts of this case. Should the legislature recognize a public need to regulate homeowner’s insurance or boating insurance and/or personal general liability policies ..., we might be justified in extending that rationale. However, “an insurer has a right to restrict his liability unless such restriction conflicts with statutory requirements or is contrary to public policy.”[8]
Plaintiffs argue Clarke was not based solely on the compulsory nature of automobile-liability insurance but also relied on the direct-action statute’s policy of protecting injured persons. The Saltzman court addressed this argument, finding the statute could not on its own be extended to protect an excluded co-insured. It stated: “The policy behind the statute is to protect the public by giving them access to the insured’s coverage, not to protect the insured for his own injuries.”[9] The court noted that the plaintiff was a consenting party to an elective insurance contract and that she failed to purchase first-party coverage, which would have provided coverage to the named insureds. The court stated that if it struck down the exclusion, it “would be equivalent to transmuting a policy of liability insurance into a policy of first party medical insurance.”[10]
This circuit also addressed the argument that the direct-action statute extends coverage under liability policies to all injured persons in Jenkins v. CNA Insurance Company.[11] We noted the language of Revised Statute 22:655(D) includes the phrase “within the terms and limits of said policy” and stated:
[T]he direct action statute does not guarantee [plaintiff] the right to recover damages from [the insurer] regardless of the coverage afforded by the policy. La.R.S. 22:655B(1) clearly provides that the injured person has a right of direct action against the insurer “within the terms and limits of the policy.” Thus, while [plaintiff] is entitled to bring a direct action against [the insurer], because the policy clearly and unambiguously excludes coverage for the claims she asserts, she is not entitled to recover damages from [the insurer].[12]
We further note that Revised Statute 22:655(C) states: “It is the intent of this Section that any action brought under the provisions of this Section shall be subject to all of the lawful conditions of the policy or contract....”
The parties agree there are no genuine issues of material fact herein; this matter was before the court strictly on the legal issue of coverage. As the trial court found, the | .¡State Farm policy in question clearly excludes coverage to plaintiffs because Daniel L. Callihan was the named insured. We find, as a matter of law, that an exclusion of coverage for the named insured in a boatowners policy does not violate the public policy of this state. The trial court thus erred in denying defendant’s motion for summary judgment. We hereby grant defendant’s writ and make it peremptory. We thus grant defendant’s motion for summary judgment and render judgment in favor of defendant, State Farm Fire & Casualty Company, dismissing plaintiffs’ claims against it at plaintiffs’ cost.
WRIT GRANTED AND MADE PEREMPTORY; JUDGMENT RENDERED *305 GRANTING DEFENDANT’S MOTION FOR SUMMARY JUDGMENT AND DISMISSING PLAINTIFFS’ CLAIMS AGAINST STATE FARM FIRE & CASUALTY COMPANY.

. Defendant also appealed the granting of plaintiffs’ motion. That appeal is decided this date under docket number 98 CA 1728.

. See, e.g., George v. White Consol. Indus., Inc., 31,133, pp. 7-8 (La.App.2d Cir.11/6/98), 721 So.2d 573, 577; Marchese v. State Farm Fire & Cas. Co., 396 So.2d 490, 492 (La.App. 4th Cir.1981).

. 469 So.2d 319 (La.App. 2d Cir.1985).

. 437 So.2d 344, 346 (La.App. 2d Cir.), writs denied, 440 So.2d 528, (La.1983).

. 469 So.2d at 322 (Emphasis in original.)

. 607 So.2d 838 (La.App. 1st Cir.1992).

. 98-1065 (La.App. 3d Cir.2/3/99), 736 So.2d 243.

. 98-1065 at 9-10, 736 So.2d at 248 (citations omitted).

. 98-1065 at 7, 736 So.2d at 246 (emphasis added).

.98-1065 at 3, 736 So.2d at 747.

. 98-0022 (La.App. 1st Cir.12/28/98), 726 So.2d 71.

. 98-0022 at 10, 726 So.2d at 77.