Kent POLIZZI

v.

M/V ZEPHYROS II MONROVIA, et al.

Civ. A. No. 84–5102.

United States District Court,
E.D. Louisiana.

March 20, 1987.

Gary T. Breedlove, Johnson & Duplass, New Orleans, La., for Kent Polizzi and Allstate Ins. Co.

Gustave A. Manthey, Jr., Chaffe, McCall, Phillips & Toler, New Orleans, La., for Zephyros Maritime Corp. and Embircos Shipping Agency Ltd.

## ORDER AND REASONS

LIVAUDAIS, District Judge.

The motion of the third-party defendant, Allstate Insurance Company, for summary judgment was taken under submission on an expedited basis on March 18, 1987. Allstate had been named third-party defendant along with its insured, Kent Polizzi, as natural tutor for his minor daughter, who is also covered under his Allstate homeowner's policy, by Zephyros Maritime Corporation and Embiricos Shipping Agency. They are defendants to the principal claim, filed by plaintiff, Kent Polizzi, for damages arising out of a back injury that he sustained while working as a longshoreman aboard the M/V ZEPHYROS II MONROVIA on May 1, 1984.

The defendants allege in their third-party complaint that Polizzi either re-injured his back, or aggravated his existing injuries, when his minor daughter negligently asked to be picked up at his home, and he negligently acceded to her request on March 17, 1985. The defendants, Zephyros and Embiricos seek full and complete indemnity, recovery over, contribution and subrogation from third-party defendants Polizzi and Allstate for any and all damages sustained as a result of the March 17, 1985 accident, for which Zephyros and Embiricos are found liable in the main action. They argue that the Allstate policy affords coverage for such relief:

Part 1—Coverage X
*Family Liability Protection*
Losses We Cover
We will pay all sums arising from the same loss which an insured person becomes legally obligated to pay as damages because of bodily injury or property damage covered by this part of the policy.

(Plaintiff's Exhibit, p. 17).

Under the defendants/third-party plaintiffs' theory, the insured, Polizzi, as natural tutor for his minor child, would become legally obligated to pay damages as indemnity, recovery over, or contribution to Zephyros and Embiricos for the alleged March 17, 1985 bodily injury to himself, or the defendants would be subrogated to his rights under the Allstate policy.

The defendants have, understandably, cited no legal authority in support of their position in their opposition memorandum. Their theory suffers from two fatal flaws. First, Kent Polizzi is not suing the defendants, or anyone else, for damages for bodily injury resulting from the alleged March 17, 1985 accident in his home. He is suing for damages for injuries resulting from an accident which allegedly occurred on the M/V ZEPHYROS II MONROVIA on May 1, 1984. Therefore, it is not possible for the defendants to be found liable for damages resulting from his picking up his daughter on March 17, 1985. There is no way in which the insured could become legally obligated to pay damages for bodily injury occurring on March 17, 1985 through indemnity, contribution, recovery over or subrogation to Zephyros and Embiricos. Thus, Allstate cannot be liable for such a claim in the present case. Zephyros and Embiricos appear to be confusing such claims with a defense of contributory negligence or of intervening cause, which could reduce or eliminate Polizzi's recovery should the jury so find.

Second, the Allstate homeowner's policy excludes coverage of "bodily injury to an insured person." (Plaintiff's Exhibit, p. 17 —"Exclusions—Losses We do Not Cover")

Thus, Allstate has no exposure for any bodily injury to Kent Polizzi.

Considering the motion, the memoranda of counsel, the facts, the record, and the law;

IT IS HEREBY ORDERED that the motion of third-party defendant, Allstate Insurance Company for a summary judgment pursuant to Fed.R.Civ.P. 56(b) be GRANTED, and the third-party claims of Zephyros Maritime Corporation and Embiricos Shipping Agency be DISMISSED WITH PREJUDICE.