SCHOTT, Chief Judge.
Plaintiff is the divorced wife of defendant, Lionel Guillaume, a physician. She is seeking damages for herpes virus infection she contracted from defendant during the marriage. She joined as a defendant, Allstate Insurance Company which had issued a homeowners policy to the couple while they were married. The trial court dismissed the suit against Allstate because the policy excluded coverage for bodily injury to the insured. Plaintiff appealed contending primarily that the policy was ambiguous. We affirm.
The policy defined an insured person as any relative if a resident of “your household”. It defined “your” as referring to the named insured as well as that person’s resident spouse. And, it included disease within the definition of bodily injury. It provided:
“We do not cover any bodily injury to an insured person ...”
Appellant first argues that Allstate’s evidence was insufficient to support the summary judgment because it provided only a specimen copy of the policy, but not the original or a certified copy of the policy. Because appellant failed to make this objection in the trial court her argument is without merit. Barnes v. Combined Ins. Co. of America, 409 So.2d 700, 703 (La.App. 4th Cir.1982).
Next appellant contends the policy is ambiguous. She says it can be construed to afford coverage for her condition because although the virus was initially contracted during her marriage it does not clearly exclude coverage for recurring outbreaks after the divorce.
Appellant alleged that the defendant had the herpes virus while she was married and living with him and he concealed this from her. She learned that she had contracted the virus in January 1988 and she separated from him shortly afterward. Clearly the tort or torts and the resulting bodily injury occurred during the marriage while appellant was an insured person under the policy. The recurring symptoms of the disease after the marriage are hot new bodily injuries, but simply the continuing effect of the disease.
Appellant also argues policy ambiguity to support the motion that while she was an insured person when she contracted the virus she was not when she filed her suit. This argument is specious like the previous one. The policy language here is crystal clear in excluding coverage for appellant’s claim. Her reliance on Duplechin v. Toce, 497 So.2d 763 (La.App. 3rd Cir.1986), writ den. 499 So.2d 86, is misplaced. That case has to do with interspousal immunity. The present case involves insurance coverage under a policy which insured appellant and the defendant against claims for bodily injuries caused to others, but excluded such an injury sustained by the insureds.
Finally, appellant argues that Doughty v. Insured Lloyds Ins. Co., 576 So.2d 461 (La.App.1991) supports her position. In that case the court dealt with a commercial general liability insurance policy on a sawmill operated by a married man as a sole proprietorship. The court held that his wife was not precluded from bringing an action against the insurance company considering that she had nothing to do with the management of the company albeit that she had a community interest in the business. In that case the court’s concern was with liability under LSA C.C. art. 2317, but *174 there is nothing in that case about insurance policy coverage or exclusions. Simply put, that case is inapposite with respect to the present case.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.