hSTEWART, Judge.
This is a devolutive appeal from the granting of a Motion for Summary Judgment in an action for damages that resulted from the use of an allegedly defective stove. The plaintiff, Nancy George, brought action against her homeowner’s insurer, Louisiana Farm Bureau Mutual Insurance Company and the manufacturer of the allegedly defective stove, White Consolidated Industries, Inc., to recover for damages sustained by her as a result of a grease fire. The Third Judicial District Court for the Parish of Union, the Honorable R. Wayne Smith, presiding, granted motions by Louisiana Farm Bureau Mutual Insurance Company for Summary Judgment. White Consolidated Industries, Inc. appeals. We affirm.
FACTS
On October 23, 1994, Dawn George Spencer (Dawn), the plaintiffs daughter, activated a stove-top burner and left the kitchen. A pan of grease caught fire. The plaintiff, Nancy George, ran into the kitchen, grabbed the pan, and tried to throw the grease from the kitchen into the carport. However, the glass door was closed and the grease splashed on the plaintiffs legs. The plaintiff alleges that when Dawn activated one stove-top burner for the purpose of heating water for tea, the defective design of the stove activated the wrong burner, resulting in the fire.
*575 The plaintiff brought action against her homeowner’s insurer, Louisiana Farm Bureau Mutual Insurance Company (Louisiana Farm Bureau) and the manufacturer of the allegedly defective stove, White Consolidated Industries, Inc. (WCI), to recover for damages sustained by her as a result the grease fire. The defendant, WCI filed a third party demand against Dawn and Louisiana Farm Bureau alleging that the insurance policy issued by Louisiana Farm Bureau covered Dawn and that Dawn was negligent in inadvertently turning on the burner.
bln response to the Third Party Demand, Louisiana Farm Bureau filed an answer denying coverage and later filed a Motion for Summary Judgment. In the Motion for Summary Judgment, Louisiana Farm Bureau denies a duty to defend Dawn and denies any liability to provide coverage for the actions of Dawn due to a “household exclusion” in the policy.
In opposition to the Motion for Summary Judgment, the Third-Party plaintiff, WCI, argues that the household exclusion does not apply and it is against public policy of the State of Louisiana.
A hearing was held on the Motion for Summary Judgment before the Honorable Judge R. Wayne Smith. The trial court, finding no genuine issue of material fact, granted Louisiana Farm Bureau’s Motion for Summary Judgment, dismissing the Third Party Demand of WCI with prejudice. WCI appeals from that judgment.
INSURANCE POLICY “HOUSEHOLD EXCLUSION”
In assignment of error number one, the defendant-appellant urges that the trial court erred in finding that the “household exclusion” bars WCI’s third party demand for contribution and/or indemnity because the exclusion is ambiguous in relation to third party claims. WCI further urges that the exclusion applies to injuries to an insured under the policy and WCI is not an insured under the policy. WCI supports this argument by citing New York cases.
Louisiana Farm Bureau, counters that two Louisiana eases, Polizzi v. M/V Zephyros II Monrovia, 656 F.Supp. 502 (E.D.La.1987) and Guy v. Egano, 236 So.2d 542 (La.App.4th Cir.1970), are directly on point and that they specifically hold that the “household exclusion” excludes coverage in a situation where a Third Party Demand is being made by a defendant. Therefore, Louisiana Farm Bureau’s_|£olicy “household exclusion” would also apply to bar the Third Party Demand of WCI in this case.
More specifically, if Nancy George had filed a claim directly against her daughter, Dawn George Spencer, who is alleged to be a resident of the Nancy George’s household, Louisiana Farm Bureau’s policy would clearly exclude coverage as the policy does not provide personal liability coverage for bodily injury to “an insured” under the terms of the policy. Nancy George is one of the named insureds in the policy and Louisiana Farm Bureau’s policy excludes coverage for bodily injury to Nancy George.
The motion for summary judgment is a procedural device used to avoid a full scale trial where there is no genuine factual dispute. Rhodes v. Executive Risk Consultants, Inc., 26,021 (La.App.2d Cir.8/17/94), 642 So.2d 269, 272. Under LSA-C.C. P. Art. 966, a trial court can properly grant a motion for summary judgment only when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. Rhodes v. Executive Risk Consultants, Inc., supra. When reviewing the granting of a motion for summary judgment, the appellate court must review the record de novo, under the same criteria which governed the trial court’s consideration of whether the summary judgment was appropriate. Tugwell v. State Farm Insurance Co., 609 So.2d 195 (La.1992).
The party seeking the summary judgment has the burden of affirmatively showing the absence of a genuine issue of material fact. To satisfy this burden, the moving party must meet a strict standard by showing that the truth is self-evident and that there exists no real doubt as to the existence of any genuine issue of fact. Barnett v. Staats, 25,357 (La.App.2d Cir.1/19/94), 631 So.2d 84. *576 A fact is material if its existence or nonexistence may be essential to the plaintiffs cause of action under the applicable theory of recovery. Material facts are those which potentially insure or preclude recovery, affect the litigants’ ultimate success, or determine the outcome of a legal dispute. Barnett v. Staats, supra; Security Nat. Trust v. Kalmback, 613 So.2d 664 (La.App. 2d Cir.1993).
In determining whether the mover satisfied his burden of proof, the court shall closely scrutinize the documents' supporting the mover’s position, while treating the opposing documents indulgently. Bradford v. Louisiana Downs, Inc., 606 So.2d 1370 (La.App. 2d Cir.1992). The inferences drawn from the underlying facts contained in the summary judgment evidence and materials must be viewed in the light most favorable to the party opposing the motion. Schroeder v. Board of Supervisors, 591 So.2d 342, 345 (La.1991). Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. Chaney v. National R.R. Passenger Corp., 583 So.2d 926, 930 (La.App. 1st Cir.1991).
In regard to Louisiana Farm Bureau’s motion for summary judgment, the homeowner’s insurance policy in question does not provide coverage for liability arising out of bodily injury to an “insured.” The term “insured,” as defined in the policy, includes any “relative” of Nancy George, the named insured, who is a “resident of her household.” Here, none of the parties deny that, at the time of the incident, the plaintiff, the named insured’s daughter, was a “relative” of the named insured. Therefore, the central question to be resolved in this case is whether a genuine issue of material fact existed as to whether the policy of insurance issued bby Louisiana Farm Bureau to Nancy George provided insurance coverage to Dawn, a “resident of the named insured’s household” at the time of the incident.
The terms “resident” and “household,” as used in the phrase “resident of the named insured’s household,” have been frequently litigated and construed, and they signify the common and usual meanings associated with insurance contracts. See Tucker v. State Farm Fire & Cas. Ins. Co., 599 So.2d 447, 449 (La.App. 2d Cir.), unit denied, 604 So.2d 1004 (1992); and Andrade v. Shiers, 516 So.2d 1192, 1194 (La.App. 2d Cir.1987). A “household” is a group of people living together as a family, and, for insurance purposes, the term is generally synonymous with “family.” BLACK’S LAW DICTIONARY 740 (6th ed.1990).
The term “household” embraces a collection of persons as a single group living together under one roof. It is a “collective body of persons living together within one curtilage, subsisting in common and directing their attention to a common object, the promotion of their mutual interests and social happiness.” Miley v. Louisiana Farm Bureau Cas. Ins. Co., 599 So.2d 791, 798 (La.App. 1st Cir.), writ denied, 604 So.2d 1313 (1992) (citation omitted); Brown v. Trahan, 526 So.2d 1216, 1219 (La.App.3rd Cir.1988). “The pattern which emerges from the myriad of decisions considering the term ‘household’ shows an emphasis on ‘dwelling as a family under one head,’ whether or not the persons live under the same roof.” Andrade v. Shiers, supra. The correct inquiry for determining whether a person is a resident of a particular household with respect to insurance coverage is to determine the individual’s attachment to a group or to a person, rather than to a building. Tucker v. State Farm Fire & Cas. Ins. Co., supra.
Whether a person is or is not a resident of a household is a question of law as well as fact that is to be determined from all of the facts of each case. The ^question is one largely of intention. The intention of a person to be a resident of a particular place is determined by his expressions at times not suspicious, and his testimony, when called on, considered in the light of his conduct and the circumstances of his life. Andrade v. Shiers, supra (citation omitted); Jones v. Crane Co., 26,781 (La.App. 2 Cir. 4/5/95), 653 So.2d 822, 825.
In the instant case, the undisputed facts contained in the summary judgment evidence and materials show that in October 1994 Dawn and her husband were living in *577 her parent’s home, Johnny Malcolm and Nancy B. George. When the inferences drawn from the underlying facts contained in the pertinent summary judgment documents are viewed in the light most favorable to WCI, reasonable minds must have concluded that Dawn did dwell in the George’s house as a family under one head.
We find that WCI failed to meet its opposing burden of proving that genuine issues of material facts which prevented summary judgment as a matter of law exist in this case. The trial court was correct, factually and legally, in concluding that Dawn was a resident of the home of Nancy George and thereby is considered an “insured” under the provisions of Louisiana Farm Bureau’s insurance policy. Accordingly, the trial court properly granted Louisiana Farm Bureau’s motion for summary judgment.
“HOUSEHOLD EXCLUSION” DOES NOT VIOLATE PUBLIC POLICY
In assignment of error number two, the defendant-appellant urges that the trial court erred in finding that the “household exclusion” does not violate Louisiana public policy. The defendant-appellant further contends that the Louisiana Direct Action Statute, R.S. 22:655(B)(l)(d), establishes a policy in frfavor of coverage which should overrule the insurer’s limitation of coverage in this particular case.
Nevertheless, the defendant-appellee argues that the purpose of the Direct Action Statute is to allow an insurer to be named directly without having to name the insured in an action between parents and children. There is no indication that the statute was intended to determine substantive rights a parent has against a child or visa-versa.
In furtherance, the defendant-appellee argues that in Guy v. Egano, supra, the court squarely held that the household exclusion did not violate Louisiana public policy. More specifically, in Marchese v. State Farm Fire & Casualty Company, 396 So.2d 490 (La. App.4th Cir.1981), the plaintiff alleged that the exclusion violated the public policy of the State of Louisiana and cited the Louisiana Direct Action Statute, R.S. 22:655. However, the court held that this exclusion was not in violation of Louisiana public policy.
The trial court held that exclusionary clauses similar to, if not identical with, the instant clause in homeowners’ policies have been judicially enforced in a number of Louisiana cases. In support of this holding, the court cited Marchese v. State Farm Fire & Casualty Company, supra; Jenks v. State, 507 So.2d 877 (La.App. 4th Cir.1987), unit denied, 513 So.2d 294 (La.1987); Guillaume v. Guillaume, 613 So.2d 172 (La.App. 4th Cir.1992); Leehans v. State Farm Ins. Co., 534 So.2d 979 (La.App. 5th Cir.1988); Andrade v. Shiers, supra, and Whitaker v. State Farm Fire and Cas. Co., 454 So.2d 1251 (La.App. 2d Cir.1984).
We also agree that the above cited jurisprudence reasons that the “household exclusion” in homeowners’ policies is not against public policy. Thus, in the absence of statutory regulation to the contrary and in the absence of ^derogation from public policy, we conclude that Louisiana Farm Bureau is entitled to judgment as a matter of law.
DECREE
For the foregoing reasons, the trial court’s judgment granting the motion for summary judgment filed by Louisiana Farm Bureau, dismissing the demands of WCI with prejudice is affirmed. Costs of this appeal are assessed to the defendant-appellant WCI.
AFFIRMED.