743 So.2d 804 (1999)
Dorothy Allen and Felton ALLEN, Plaintiffs-Appellees,
v.
INTEGRATED HEALTH SERVICES, INC., et al., Defendant-Appellant.
No. 32,196-CA.
Court of Appeal of Louisiana, Second Circuit.
September 22, 1999.
*805 Ronald Everett Raney, Shreveport, Counsel for Appellant.
John Schuyler Marvin, Counsel for Appellee.
Before WILLIAMS, GASKINS and KOSTELKA, JJ.
WILLIAMS, Judge.
In this personal injury case, the defendants Integrated Health Services, Inc. and Gallagher Bassett Services, Inc.[1], appeal the trial court's grant of partial summary judgment in favor of the plaintiffs, Dorothy and Felton Allen, finding that the defendants were solely liable for the accident. For the following reasons, we reverse and remand.

FACTS AND PROCEDURAL HISTORY
On June 5, 1996, the plaintiff, Dorothy Allen, was visiting her husband, Felton Allen, a resident at Integrated Health Services of Minden, a nursing home located in Minden, Louisiana. Felton Allen had suffered a stroke and, as a result, was limited in his ability to care for himself. Consequently, Dorothy Allen, age seventy-five, visited him every day to feed and help care for him.
The nursing home employees would serve some of the residents their meals in their rooms. An employee would deliver meals to the residents' rooms via a food cart that the employee pushed down the hall, stopping at intervals to remove the food trays from the cart and deliver them to the residents. Mrs. Allen testified that her husband ate very slowly, and sometimes would not finish his meal before the employees would return to pick up the trays. Therefore, as part of her routine, Mrs. Allen would meet the employee with the food cart before it reached her husband's room, usually at an intersecting hall, and the employee would give her a food tray for her husband.
On the evening of the accident, Mrs. Allen was standing in the doorway of her husband's room anticipating the arrival of *806 the food cart. While the cart stood stationary several rooms away, Mrs. Allen walked down the hall to the cart. At that time, the cart was unattended because Dorothy Crow, the employee responsible for delivering food trays, had gone into a room to deliver a tray. The plaintiff testified that she walked close enough to the cart to touch it, but instead of waiting for Ms. Crow to come out of the room, she decided to go back down the hall and wait for her at a different location. At approximately the same time that the plaintiff turned to walk away from the cart, Ms. Crow came out of the room and began pushing the cart further down the hall, subsequently striking the plaintiff and causing her to fall. Ms. Crow testified that she looked down the hall before she began to push the cart to ensure that her path was clear, but she did not see anyone.
The plaintiffs filed suit against Integrated Health Services of Minden and its insurer, Gallagher Bassett Services, Inc. The plaintiffs later amended their petition and added as defendants Dorothy Crow and Integrated Health Services of Lester, Inc., which the plaintiffs alleged to be a foreign corporation that included Integrated Health Services of Minden.
The plaintiffs filed a motion for partial summary judgment on the issue of liability against all of the defendants. However, of the parties named as defendants, only Integrated Health Services of Minden and Gallagher Bassett Services, Inc. filed an answer. They also filed an opposition to the plaintiffs' motion for summary judgment. After a hearing, the trial court granted partial summary judgment on the issue of liability and certified the judgment for immediate appeal. The judgment did not name the defendants, but only stated that the plaintiffs' motion had been granted. For the following reasons, we reverse and remand.

DISCUSSION
The defendants contend the trial court erred in granting the plaintiffs' motion for partial summary judgment on the issue of liability. They argue that, when assessing fault, the trial court failed to consider essential issues such as the size of the food cart, the physical characteristics of the parties involved in the accident and the actual scene of the accident.
A motion for summary judgment shall be granted forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966.
When reviewing the granting of a motion for summary judgment, an appellate court must review the record de novo, under the same criteria that governed the trial court's consideration of whether summary judgment was appropriate. Tugwell v. State Farm Insurance Company, 609 So.2d 195 (La.1992). The party seeking summary judgment has the burden of affirmatively showing the absence of a genuine issue of material fact. A fact is material if its existence or nonexistence may be essential to the plaintiffs cause of action under the applicable theory of recovery. Barnett v. Staats, 25,357 (La.App.2d Cir.1/19/94), 631 So.2d 84. Only when reasonable minds must inevitably conclude that the mover is entitled to summary judgment as a matter of law on the facts before the court is a summary judgment awarded. George v. White Consolidated Industries, Inc., 31,133 (La.App.2d Cir.11/6/98), 721 So.2d 573.
In the instant case, the plaintiff testified that she was aware of the normal routine of the employees when delivering food trays. The record reflects that, on the day of the accident, the defendants did not stray from the normal routine. However, the plaintiff admitted that she failed to follow her normal routine of meeting the cart and waiting to receive a tray from the employee.
*807 The defendant, Dorothy Crow, testified that she is 5' 11" and the cart is slightly taller. She stated that she looked around the cart before she began to push it down the hall. She further testified that either the plaintiff or her daughter would meet her cart each day at a particular place in the hallway and, on the evening of the accident, Mrs. Allen was not at that location. There was no evidence presented to support the idea that Ms. Crow was, or should have been, aware of the plaintiff's presence in front of the cart.
The undisputed facts of the instant case show that Mrs. Allen voluntarily placed herself immediately in front of the food cart, in Ms. Crow's "blindspot." Thus, the essential question for this court in reviewing the trial court's grant of partial summary judgment on the issue of liability is whether, given the facts before the trial court, reasonable minds must inevitably conclude that the plaintiff had no comparative fault in the occurrence of the accident.
Because we conclude that reasonable minds might differ as to the apportionment of fault under these circumstances, we hereby reverse the trial court's grant of partial summary judgment which assessed the defendants with all the fault for the accident.

CONCLUSION
For the foregoing reasons, the trial court's grant of partial summary judgment in favor of the plaintiffs is reversed and the case is remanded to the trial court for further proceedings. Costs are assessed to the appellees, Dorothy Allen and Felton Allen.
REVERSED AND REMANDED.
NOTES
[1] Four defendants were named in the instant case, Integrated Health Services of Minden, its insurer, Gallagher Bassett Services, Inc., Dorothy Crow and Integrated Health Services of Lester. However, only Integrated Health Services of Minden and Gallagher Bassett Services, Inc. filed an answer to the plaintiffs' petition and an opposition to the motion for summary judgment. Therefore, we cannot construe the summary judgment as applying to all defendants, but only Integrated Health Services of Minden and its insurer, Gallagher Bassett Services, Inc.