NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2019 CA 0548

RUBY GATLIN BICKHAM AND WILBUR HAYES BICKHAM

VERSUS

CHARLES REGAN TOON AND PROGRESSIVE SECURITY INSURANCE
COMPANY

Judgment Rendered: OCT 1 9 2020

Appealed from the
Twenty-Second Judicial District Court
In and for the Parish of Washington
State of Louisiana
Docket Number 106,514

Honorable August J. Hand, Judge Presiding

*************

Rene Paul Frederick
Jeanne M. Mauldin
Covington, LA
and
William D. Cass
Mandeville, LA

Counsel for Plaintiffs/Appellees,
Ruby Gatlin Bickham and Wilbur
Hayes Bickham

Charles J. Foret
Michael P. Corry, Sr.
Kathryn T. Love
Brandon M. Verret
Lafayette, LA

Counsel for Defendants/Appellants,
Charles Regan Toon and
Progressive Gulf Insurance Company

*************

BEFORE: WHIPPLE, C.J., GUIDRY, McDONALD, THERIOT, AND
HOLDRIDGE, JJ.

_Guidry, J., Dissents and assigns reasons and additionally joins in the reasons assigned by Judge Holdridge._

_Holdridge J. dissents for reasons assigned by Judge Guidry and assigns additional reason_

**WHIPPLE, C.J.**

In this appeal, the defendant driver, who crossed the centerline of the road on which he was traveling and entered the lane of oncoming traffic, challenges the trial court's judgment granting the plaintiffs' motion for summary judgment and finding that defendant was solely at fault in the resulting collision that led to the death of plaintiffs' son and further finding that plaintiffs were entitled to exemplary damages pursuant to LSA-C.C. art 2315.4. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

In the early morning hours of December 8, 2013, shortly before 6:00 a.m., Jonathan "Clint" Bickham was traveling southbound on Louisiana Highway 25 in Washington Parish, Louisiana on his way to work, and defendant Charles Regan Toon was traveling northbound on Louisiana Highway 25, after a night drinking at a restaurant and two bars. A head-on collision occurred between the two vehicles driven by Bickham and Toon when Toon crossed the centerline and entered Bickham's lane of travel, resulting in Bickham's death. Toon, whose blood alcohol level was 0.14 after the accident, was ultimately convicted of operating a vehicle while intoxicated and negligent homicide.

Clint Bickham's parents, Ruby Gatlin Bickham and Wilbur Hayes Bickham,[1] filed suit, asserting survival and wrongful death actions and naming various defendants, including Toon and Progressive Gulf Insurance Company

---

[1] Clint Bickham's brother, James Hayes Bickham, individually and on behalf of James's two minor children, James Hayes Bickham, II and Alyssa Dawn Bickham; and Misty Byrd Bickham, Clint Bickham's sister-in-law, were also named as plaintiffs, but the claims of these plaintiffs were later dismissed by consent judgment.

2

("Progressive"),[2] Toon's automobile liability insurer.

The Bickhams filed a motion for partial summary judgment against Toon and Progressive, seeking a determination that the accident leading to their son's death was caused solely by the fault of Toon and that they were entitled to exemplary damages as a result of Toon's intoxication, which caused the accident. Following a hearing, the trial court granted the motion, finding that Toon was solely at fault in causing the accident and that the Bickhams are entitled to exemplary damages pursuant to LSA-C.C. art. 2315.4, with the only issues remaining for trial being the amount of damages to which the Bickhams are entitled for their survival and wrongful death claims, and for exemplary damages. The trial court further designated the partial summary judgment as to the issues of liability and exemplary damages as a final judgment pursuant to LSA-C.C.P. art. 1915(B).[3]

From this judgment, Toon and Progressive appeal, contending that the trial court erred in: (1) finding that Toon was solely at fault for the accident, and (2) finding that the Bickhams are entitled to exemplary damages pursuant to LSA-C.C. art. 2315.4.

## SUMMARY JUDGMENT

A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. Jones v. Anderson, 2016-1361 (La. App. 1st Cir. 6/29/17), 224 So. 3d 413, 417. After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the

---

[2]Progressive Gulf Insurance Company was improperly named in plaintiffs' original petition as Progressive Security Insurance Company.

[3]Contrast this court's plurality opinion in Advanced Leveling & Concrete Solutions v. Lathan Company, Inc., 2017-1250 (La. App. 1st Cir. 12/20/18), 268 So. 3d 1044, 1046 (en banc), & 1047 (Holdridge, J., concurring), wherein this court dismissed the appeal of the judgment, which contained, among other provisions, an indefinite award of attorney's fees and lacked a designation by the court as a partial final judgment subject to immediate appeal pursuant to LSA-C.C.P. art. 1915(B).

3

motion, memorandum, and supporting documents show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(A)(3). The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions.[4] LSA-C.C.P. art. 966(A)(4).

The burden of proof rests on the mover, who must show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(A)(3) & (D)(1). Only when the mover makes this showing does the burden shift to the opposing party to present evidence demonstrating a material factual issue remains. Action Oilfield Services, Inc. v. Energy Management Company, 2018-1146 (La. App. 1st Cir. 4/17/19), 276 So. 3d 538, 541-542.

Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden then shifts to the non-moving party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. LSA-C.C.P. art. 966(D)(1); Action Oilfield Services, Inc., 276 So. 3d at 542.

Appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Crosstex Energy Services, LP v. Texas Brine Company, LLC, 2017-

---

[4]Nevertheless, the court shall consider any documents filed in support of or in opposition to the motion for summary judgment to which no objection is made. LSA-C.C.P. art. 966(D)(2).

0895 (La. App. 1st Cir. 12/21/17), 240 So. 3d 932, 936, writ denied, 2018-0145 (La. 3/23/18), 238 So. 2d 963. Thus, appellate courts ask the same questions: whether there is any genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. Crosstex Energy Services, LP, 240 So. 3d at 936. Because it is the applicable substantive law that determines materiality, whether a particular issue in dispute is material can be seen only in light of the substantive law applicable to the case. Jones, 224 So. 3d at 417.

## DISCUSSION

### Fault of Charles Toon
### (Assignment of Error No. 1)

In their first assignment of error, Toon and Progressive aver that the trial court erred in finding that Toon was solely at fault in causing the accident, considering the evidence that Clint Bickham, the decedent, had a level of amphetamine in his system, which "may have caused him to make a late avoidance maneuver." Thus, they contend that the trial court erred in finding on summary judgment that Clint Bickham bore no fault in causing the accident.

In determining the respective burdens of proof on summary judgment, we must first ascertain who would bear the burden of proof at trial. LSA-C.C.P. art. 966. In a negligence claim, the plaintiff generally bears the burden of proving the defendant's negligence. However, in an accident such as this, upon establishing that the accident occurred when the defendant driver left his lane of travel and entered the opposing lane, the plaintiff is aided by a presumption of negligence. Specifically, a driver who leaves his lane of travel and goes into the opposite lane of traffic is presumed to be negligent, and that presumption may be overcome only by clear and convincing evidence that his sudden presence in the opposing lane of traffic was due to unexpected and unforeseen circumstances over which he had no control. Brannon v. Shelter Mutual Insurance Company, 507 So. 2d 194, 196 (La.

5

1987); Gatlin v. Kleinheitz, 2009-0828 (La. App. 1st Cir. 12/23/09), 34 So. 3d 872, 875, writ denied, 2010-0084 (La. 2/26/10), 28 So. 3d 280. Once the presumption of negligence attaches, the driver who crosses into the opposite lane of travel has the heavy burden of exhibiting that he was not guilty of any dereliction, however slight, which may have had a causal connection with the accident. King v. Louviere, 543 So. 2d 1327, 1331 (La. 1989); Gatlin, 34 So. 3d at 875.

Thus, as the parties moving for partial summary judgment, the Bickhams bore the initial burden of establishing that Toon had crossed the centerline into Clint Bickham's lane of travel.

In support of their motion, the Bickhams offered the deposition testimony of Toon and Progressive's accident reconstruction expert, Andrew McPhate. McPhate, who is a mechanical engineer with expertise in the areas of vehicle dynamics and vehicular crash analysis, testified that upon examining the scene of the accident, he observed gouge marks in the southbound lane, indicating the point of impact. According to McPhate, at the time of impact, there was "no doubt" that Toon's vehicle was "past the center line of Bickham's lane," having encroached so far into Clint Bickham's lane of travel that it was "past the middle of Bickham's lane." Because the Bickhams established that the accident occurred when Toon left his lane of travel and entered Clint Bickham's lane of travel, the legal presumption of negligence attached, and Toon is presumed to have been negligent in causing the accident.

Accordingly, the burden on summary judgment shifted to Toon and Progressive to produce factual support sufficient to establish the existence of a genuine issue of material fact as to whether his presence in Clint Bickham's lane was due to unexpected and unforeseen circumstances over which he had no control (so as to rebut the presumption of his own fault). However, Toon and Progressive offered no evidence to demonstrate a genuine issue of material fact to rebut the

6

presumption of Toon's own fault in causing the accident. Toon testified that he has no memory of the accident.[5] According to Toon, the evening before the accident, he picked up Teresa Minarik for a date. They had dinner at a restaurant where he recalled consuming two alcoholic beverages. They then visited two bars, and he continued to consume alcoholic beverages. The accident occurred after they left the second bar, but he had no recollection of it and offered no testimony or explanation of the events immediately preceding the accident.

Similarly, while Minarik also testified that she and Toon had visited a restaurant and two bars on the evening before the accident and into the early morning hours of the day of the accident and that Toon consumed alcoholic beverages during that time, she could not recall the events leading up to the accident.[6] Moreover, Toon and Progressive did not produce any witnesses to the accident to in any way create a genuine issue of material fact as to Toon's negligence or to suggest that Toon was not guilty of any dereliction, however slight, in leaving his lane of travel.

Instead, a *de novo* review of the record reveals that, in support of their motion, the Bickhams established that Toon crossed the centerline into Clint Bickham's lane of travel, thus triggering the legal presumption that Toon was negligent. Toon and Progressive then failed to provide evidence to show a genuine issue of material fact remains to rebut the presumption of Toon's fault in causing the accident, having failed to produce any evidence of any unexpected and unforeseen circumstances over which he had no control. See LSA-C.C.P. art. 966(D)(1).

Nonetheless, Toon and Progressive argue on appeal that even if they failed to make the necessary showing of a genuine issue of material fact to rebut the

---

[5]Toon's deposition was offered in support of the motion for summary judgment.

[6]Minarik's deposition was also offered in support of the motion for summary judgment.

7

presumption of Toon's negligence, such a finding would not preclude apportionment of fault to Clint Bickham and that the trial court erred in failing to do so. As noted by Toon and Progressive, a favored motorist can still be assessed with comparative fault if his substandard conduct contributed to the cause of the accident. See Mack v. Wiley, 2007-2344 (La. App. 1st Cir. 5/2/08), 991 So. 2d 479, 487-488, writ denied, 2008-1181 (La. 9/19/08), 992 So. 2d 932. Arguing that Clint Bickham **could have been** impaired at the time of the accident and that his impairment "**may have caused** him to make a late evasive maneuver," such that Clint Bickham "**could have possibly**" avoided the accident, Toon and Progressive contend that the trial court erred in finding Toon one hundred percent at fault in causing the accident. (Emphasis added).

Toon and Progressive would bear the burden of proof at trial to establish comparative fault by a preponderance of evidence. Blake v. City of Port Allen, 2014-0528 (La. App. 1st Cir. 11/20/14), 167 So. 3d 781, 790. Thus, the burden would be on Toon and Progressive to produce factual support sufficient to establish the existence of a genuine issue of material fact as to Clint Bickham's comparative fault or that the Bickhams are not entitled to judgment as a matter of law. LSA-C.C.P. art. 966(D)(1).

In McPhate's deposition, which, as mentioned above, was offered by the Bickhams in support of their motion, McPhate stated that there was no evidence that Clint Bickham was doing anything other than operating his vehicle in his own lane of travel at the time of the accident. Moreover, McPhate stated that he found evidence at the accident site that Clint Bickham tried to avoid the accident. Specifically, gouge marks at the site demonstrated that Bickham was trying to turn his vehicle to the right, which McPhate testified was the proper maneuver to try to avoid the accident. Moreover, while Clint Bickham's efforts were not enough to avoid the accident, McPhate further testified that there was no way to determine

8

how far apart the two vehicles were at the time Toon crossed the centerline or whether Toon's movement in crossing the centerline was a sudden or gradual move. By this testimony, the Bickhams demonstrated an absence of factual support for a finding that Clint Bickham's actions somehow contributed to or were a cause of the accident, thus shifting the burden to Toon and Progressive to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the Bickhams are not entitled to judgment finding Toon one hundred percent at fault as a matter of law. LSA-C.C.P. art. 966(D)(1).

However, because Toon and Progressive offered no evidence, but rather, only speculation as to any alleged fault of Clint Bickham in causing the accident, we conclude, as did the trial court, that they failed to establish a genuine issue of material fact precluding summary judgment. The evidence offered by Toon and Progressive in opposition to the motion for partial summary judgment included the deposition of Dr. Allison Stock, a toxicologist and epidemiologist. According to Dr. Stock, the Louisiana State Police ("LSP") Crime Lab toxicology report and additional confirmation testing on blood samples taken from Clint Bickham's heart indicated that Clint Bickham had 134 nanograms per milliliter of amphetamine in his system.[7] Dr. Stock explained that prescription forms of amphetamine such as Adderall and Dexedrine are used to treat attention deficit/hyperactivity disorder, although it can also be obtained illegally. Dr. Stock further testified that the National Highway Transportation Safety Administration has established ranges for various drugs of what it considers to be therapeutic versus impaired levels and that Clint Bickham's level of 134 nanograms per milliliter of amphetamine was "above that therapeutic range."

---

[7]Clint Bickham also had less than five nanograms per milliliter of hydrocodone in his system, which was a level below the limit of detection for the type of analysis performed and which Dr. Stock acknowledged was a "barely detectable amount." At the time of the accident, Clint Bickham had a valid prescription for cough medicine, which contained hydrocodone, chlorpheniramine, and pseudoephedrine.

However, Dr. Stock could not testify that the level of amphetamine in Clint Bickham's blood more probably than not caused any impairment. Nor could Dr. Stock testify that his level of amphetamine was a cause of the accident. Rather, Dr. Stock explained that Clint Bickham's level of amphetamine "has been shown in the literature to be associated with impairment" and could only testify as to "what [Clint] Bickham's behavior **might have been** based on his drug level." (Emphasis added).

Toon and Progressive also offered the affidavit of Dr. William George, a pharmacologist and toxicologist. Upon reviewing the Washington Parish Coroner's Autopsy Report and the LSP Crime Lab Toxicology Report, Dr. George attested that the level of amphetamine in Clint Bickham's blood at the time of the accident "has been demonstrated in clinical and epidemiological studies to cause impairment." Dr. George further attested only that Clint Bickham's blood level of amphetamine "**could have contributed** to the causation of the motor vehicle accident" at issue. (Emphasis added).

Contending that they met their burden of showing a material fact remains as to Clint Bickham's fault in the accident, Toon and Progressive point to McPhate's deposition testimony wherein he stated that, with regard to Clint Bickham's avoidance maneuver, Clint Bickham "didn't take any action until relatively late." However, as stated above, McPhate could not offer any opinion as to how close the two vehicles were when Toon crossed the centerline into Clint Bickham's lane of travel or as to whether Toon's movement into the opposing lane was a sudden or a gradual move. Moreover, upon further questioning, McPhate explained that when he said "late," he was not indicating that Clint Bickham was taking too long to make the maneuver. Rather, he termed it a "late avoidance maneuver" because Clint Bickham had not moved very far at the time of impact. McPhate candidly

10

acknowledged that he could not testify as to Clint Bickham's reaction time or whether Clint Bickham took too long to make the avoidance maneuver.

Mere conclusory allegations, improbable inferences, and unsupported speculation will not support a finding of a genuine issue of material fact. Ritchey v. State Farm Mutual Automotive Insurance Company, 2017-0233 (La. App. 1st Cir. 9/15/17), 228 So. 3d 272, 279-280. See also Salvador v. Main Street Family Pharmacy, L.L.C., 2017-1757 (La. App. 1st Cir. 6/4/18), 251 So. 3d 1107, 1112, and Guillory v. The Chimes, 2017-0479 (La. App. 1st Cir. 12/21/17), 240 So. 3d 193, 197. In opposition to the Bickhams' motion for partial summary judgment on liability, Toon and Progressive offered nothing more than unsupported speculation that Clint Bickham's evasive maneuver, which their expert conceded was the proper maneuver to make in an attempt to avoid the collision, was somehow dilatory, thus constituting substandard conduct, or that such alleged substandard conduct contributed to the cause of the accident. These contentions are simply insufficient to create a genuine issue of material fact regarding Clint Bickham's alleged comparative fault.

Accordingly, because the Bickhams demonstrated an absence of factual support for Toon and Progressive's claim or defense that Clint Bickham was comparatively at fault, on *de novo* review, we find no error in the trial court granting summary judgment and finding Toon solely at fault in causing the accident.

## Exemplary Damages
### (Assignment of Error No. 2)

Pursuant to LSA-C.C. art. 2315.4, a plaintiff may be awarded exemplary damages upon proving that the injuries that form the basis of the action were caused "by a wanton or reckless disregard for the rights and safety of others by a defendant whose intoxication while operating a motor vehicle was a cause in fact

11

of the resulting injuries." Thus, in order to establish a claim for exemplary damages under LSA-C.C. art. 2315.4, a plaintiff must establish the following elements: (1) the defendant was intoxicated or had consumed a sufficient quantity of intoxicants to make him lose normal control of his mental and physical faculties; (2) the intoxication was a cause-in-fact of the resulting injuries; and (3) the injuries were caused by the defendant's wanton or reckless disregard for the rights and safety of others. Stephenson v. Bryce W. Hotard Sunbelt Rentals, Inc., 2019-0478 (La. 5/20/19), 271 So. 3d 190, 192.

In their second assignment of error, Toon and Progressive contend that the trial court erred in granting summary judgment on the issue of the Bickhams' entitlement to exemplary damages where there was conflicting evidence of Toon's intoxication, where there was no evidence that Toon demonstrated a wanton and reckless disregard for the rights and safety of Clint Bickham, and where Toon's alleged intoxication was not the only legal cause of the subject accident.

As to Toon's intoxication, the Bickhams offered Toon's deposition testimony wherein he admitted that he had been drinking throughout the evening before and the night of the accident, having consumed numerous "crown and coke" mixed drinks. Additionally, Toon admitted that his blood alcohol level after the accident was 0.14 and, thus, that he was intoxicated under the laws of the state of Louisiana.[8] He acknowledged that he was convicted of operating a vehicle while intoxicated, and when asked if he disagreed with the jury's conclusion that he was guilty of this offense, Toon responded that he did not disagree. Indeed, Toon and Progressive's own toxicologist, Dr. Stock, testified that a blood alcohol level between 0.12 and 0.16, which Dr. Stock estimated Toon's blood alcohol level to be

---

[8]While a litigant in a civil proceeding cannot avail himself of the statutory presumption of intoxication that is allowed in a criminal proceeding and test results are not conclusive evidence, the evidence does have probative value in proving entitlement to exemplary damages. Brumfield v. Guilmino, 93-0366 (La. App. 1st Cir. 3/11/94), 633 So. 2d 903, 910 n.3, writ denied, 94-0806 (La. 5/6/94), 637 So. 2d 1056.

at the time of the accident, can cause changes in an individual's driving, such as lane departure and slow reaction times, and can change behaviors such as executive function and thinking.[9]

Moreover, while Toon claimed that he did not "feel intoxicated" and Minarik testified that she had not noticed Toon slurring his speech or having trouble keeping his balance while they were out together, this testimony is not sufficient to create a genuine issue of material fact to defeat summary judgment. Toon's claim that he did not "feel intoxicated" is not determinative of whether he actually was intoxicated, and is, at best, merely a conclusory statement that does not set forth any specific facts showing that there is a genuine issue for trial. See LSA-C.C.P. art. 967(B) ("When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response … must set forth specific facts showing that there is a genuine issue for trial"). Furthermore, Toon could not contest the evidence of his intoxication and cannot create an issue of fact with this self-serving statement where he admittedly had "[v]ery, very, very little" memory of all of the events that night. Similarly, Minarik's testimony that she had not noticed Toon slurring his speech or having trouble with his balance while out that night is not material to Toon's intoxication **at the time of the accident**, a period of time of which Minarik admitted in her deposition she had no recollection. Minarik offered no testimony as to Toon's intoxication level after leaving the second bar, which she estimated to be about a twenty to twenty-five minute ride from the accident site. Accordingly, neither statement is sufficient to create a genuine issue of material fact as to Toon's intoxication.

---

[9]Dr. Stock explained that lane departures refers to "weaving" or "getting close to the edge and back and forth," not to crossing the center median.

13

As to the second element, that Toon's intoxication was a cause-in-fact of Clint Bickham's death, Toon and Progressive challenge this finding, contending that Toon's intoxication was not "the only legal cause" of the accident, again arguing that a genuine issue of material fact exists as to whether Clint Bickham may have reacted inappropriately when Toon entered Bickham's lane of travel and, thus, may have been a cause of the accident that resulted in his death. At the outset, we note that Toon's intoxication need only be *a* cause-in-fact of the accident, not the only legal cause. LSA-C.C. art. 2315.4; Blackshear v. Allstate Insurance Company, 94-765 (La. App. 3rd Cir. 12/7/94), 647 So. 2d 589, 595. More importantly, having rejected Toon and Progressive's argument that a genuine issue of material fact exists as to whether Clint Bickham may have reacted inappropriately when Toon entered Bickham's lane of travel in our discussion of the first assignment of error, we likewise find no merit to this argument here.

As to the remaining element of the Bickhams' claim for exemplary damages, wanton or reckless disregard for the rights and safety of others, a party typically must establish a level of conduct somewhere between an intent to do wrong and mere negligence. A conscious indifference to consequences must be shown. Thus, if the actor knows, or should know, that his actions will cause harm, and proceeds anyway, then there is a conscious indifference to consequences, which constitutes a wanton or reckless disregard for the rights and safety of others. See Bourgeois v. State Farm Mutual Automobile Insurance Company, 562 So. 2d 1177, 1181-1182 (La. App. 4th Cir.), writ denied, 567 So. 2d 611 (La. 1990). Toon and Progressive assert on appeal that that there was no evidence of wanton or reckless disregard of Clint Bickham's safety sufficient to satisfy this element.

To the contrary, the evidence demonstrates that Toon spent the night drinking numerous alcoholic beverages at several locations. Nonetheless, Toon drove himself and Minarik from location to location to consume more alcoholic

14

beverages and then got behind the wheel in the early morning hours after drinking for hours to drive them home. As noted by the trial court, Toon certainly should have known that these actions could have resulted in a tragic accident. See Leary v. State Farm Mutual Automobile Ins. Co., 2007-1184 (La. App. 3rd Cir. 3/5/08), 978 So. 2d 1094, 1102, writ denied, 2008-0727 (La. 5/30/08), 983 So. 2d 900 (where an intoxicated driver with a blood alcohol level of 0.104 crossed the centerline and veered into the opposing lane of travel, killing the other driver, the driver's "actions in driving after consuming enough alcohol to bring his blood [alcohol] level to at least 0.104 were reprehensible, and his irresponsible conduct led to actions that could clearly have been foreseen"). Toon's actions clearly displayed a conscious indifference to the consequences that were likely to, and unfortunately did, occur. Accordingly, we likewise find no merit to Toon and Progressive's contention that the trial court erred in finding that the Bickhams had established that Toon exhibited wanton or reckless disregard for the safety of others, thus entitling them to exemplary damages pursuant to LSA-C.C. art. 2315.4.

## CONCLUSION

For the above and foregoing reasons, the trial court's November 20, 2018 judgment granting the Bickhams' motion for partial summary judgment, finding Charles Regan Toon one hundred percent at fault in causing the accident and finding that the Bickhams are entitled to exemplary damages pursuant to LSA-C.C. art. 2315.4, is affirmed. Costs of this appeal are assessed against Charles Regan Toon and Progressive Gulf Insurance Company.

**AFFIRMED.**

15

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2019 CA 0548

RUBY GATLIN BICKHAM AND WILBUR HAYES BICKHAM

VERSUS

CHARLES REGAN TOON AND PROGRESSIVE SECURITY
INSURANCE COMPANY

**GUIDRY, J., dissents with reasons.**

**GUIDRY, J., dissenting.**

I respectfully disagree with the majority opinion. La. C.C.P. art. 966 provides that a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. After reviewing the record in this matter, I would conclude that summary judgment is inappropriate.

On the issue of fault, I would not preclude the defendants, Toon and Progressive, from establishing fault on Bickham's part at a trial on the merits. See Mack v. Wiley, 07-2344, p. 10 (La. App. 1st Cir. 5/2/08), 991 So. 2d 479, 487, writ denied, 08-1181 (La. 9/19/08), 992 So. 2d 932 (this court has held that a favored motorist can still be assessed with comparative fault if his substandard conduct contributed to the cause of the accident). I agree with the majority that Toon was at fault in causing the accident by crossing the center line, based on the presumption that a driver leaving his own lane of traffic and striking another vehicle is negligent. However, I also find that Toon and Progressive came forth

1

with factual support to create a genuine issue regarding Bickham's fault in contributing to the accident.  See La. C.C.P. art. 966 (D)(1).

On the record before us, notably, Dr. George testified that the level of amphetamine in Bickham's blood "could have contributed to the causation." McPhate testified that there was no way to determine how far apart the two vehicles were at the time Toon crossed the centerline or whether Toon's movement in crossing the centerline was a sudden or gradual move.  McPhate also stated that he could not testify as to Bickham's reaction time or if Bickham took too long to make an "avoidance maneuver."  Indeed, the testimonies of Dr. George and McPhate establish that genuine issues of material fact remain.

Whether Toon can meet his burden of proof at trial is not the issue here. Instead, at summary judgment, Toon's burden is only to establish that there are genuine issues of fact as to whether Bickham could have been at fault in causing the accident, even if only by one percent.

In a case of summary judgment, the opposing party does not have a burden of proof.  The opposing party bears a burden of production under which he must merely demonstrate that a genuine issue of material fact precludes a judgment and requires a trial on the merits.  Barber v. Louisiana Municipal Risk Management Agency Group Self-Insured Fund, 17-1005, pp. 5-6 (La. App. 3d Cir. 4/18/18), 244 So. 3d 56, 60-61.  As it concerns fault, Toon and Progressive have done so. Accordingly, I would reverse the summary judgment.

With regard to exemplary damages, while Toon acknowledged that his blood alcohol level after the accident was 0.14 and, thus, that he was intoxicated under the laws of the state of Louisiana, Toon nonetheless, while admittedly having very little memory of all of the events that night, testified that he did not feel intoxicated when he left the second bar, which was approximately a twenty to twenty-five-minute drive from the location of the accident.  Minarik testified that during the

2

night, she never noticed Toon slurring his speech or having trouble keeping his balance.

A resolution on this issue requires the trier of fact to weigh conflicting evidence as to the degree of Toon's intoxication and determine whether Toon's and Minarik's testimony is credible. However, on summary judgment, in determining whether evidence creates a genuine issue of material fact, the trial court must not weigh the evidence. The trial court must assume all affiants are credible. Thompson v. Center for Pediatric and Adolescent Medicine, LLC, 17-1088, p. 7 (La. App. 1 Cir. 3/15/18), 244 So. 3d 441, 447.

The law is well settled that the trial court cannot make credibility determinations, evaluate testimony, or weigh conflicting evidence in making its decision whether to grant or deny a motion for summary judgment. Fonseca v. City of Air of Louisiana, LLC, 15-1848, p. 10, (La. App. 1st Cir. 6/3/16), 196 So. 3d 82, 89; Smith v. Our Lady of the Lake Hospital, 93-2512, p. 27 (La. 7/5/94), 639 So. 2d 730, 751. Given the conflicting evidence here as to the degree of Toon's intoxication and the credibility determination, I would accordingly reverse the summary judgment on the issue of exemplary damages. This is an issue to be resolved at trial.

3

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2019 CA 0548

RUBY GATLIN BICKHAM AND WILBUR HAYES BICKHAM

VERSUS

CHARLES REGAN TOON AND PROGRESSIVE SECURITY
INSURANCE COMPANY



**HOLDRIDGE, J., dissenting.**

I respectfully dissent from the majority opinion for the reasons assigned by Judge Guidry. I write separately to emphasize that the majority and the trial court's grant of the plaintiffs' motion for partial summary judgment as to the sole fault of the defendant Charles Regan Toon in the collision was in error due to the fact that the plaintiffs failed to meet their burden of proof on the motion for summary judgment.

In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury shall be determined, regardless of whether the other person is a party to the action or a nonparty, and regardless of the person's insolvency, ability to pay, immunity by statute, or that the other person's identity is unknown or not readily ascertainable. La. C.C. art. 2323. If a person suffers injury, death, or loss as the result partly of his own negligence and partly as a result of the fault or another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss. **Id.** In apportioning fault pursuant to La. C.C. art. 2323, the fact finder shall consider both the nature of the conduct of each party at fault and the extent of the causal relationship between the conduct and the

damages claimed. **Schexnayder v. Bridges**, 2015-0786 (La. App. 1 Cir. 2/26/16), 190 So.3d 764, 773.

At trial, the defendants would have the burden of proving that Jonathan "Clint" Bickham was negligent in order for a percentage of fault to be allocated to Bickham by the judge or jury. This would be accomplished by the defendants presenting evidence proving the necessary elements of Bickham's fault as required by the duty-risk analysis. See **Schexnayder v. Bridges**, 2015-0786 (La. App. 1 Cir. 2/26/16), 190 So.3d 764, 773.

However, we are not reviewing this issue after trial. This is a motion for summary judgment wherein the plaintiffs are seeking a partial summary judgment to have the defendant Toon declared to be solely at fault in causing the accident and to prevent the defendants from putting forth evidence of Bickham's fault at the trial. In this case, the burden of proof rests with the mover. La. C.C.P. art. 966(D)(1). The plaintiffs, as the movers for summary judgment, bear the entire burden of proving both that Toon was one hundred percent (100%) at fault and that no reasonable trier of fact (judge or jury) could find that Bickham was at fault in causing any part of the accident, even if only by one percent (1%).

The allocation of fault is a factual finding. **Ly v. State through Department of Public Safety and Corrections**, 633 So.2d 197, 203 (La. App. 1 Cir. 1993), writ denied, 93-3134 (La. 2/25/94), 634 So.2d 835. Where reasonable minds could differ as to the comparative fault of the parties, summary judgment is not appropriate.[1] See **Allen v. Integrated Health Services, Inc.**, 32,196 (La. App. 2 Cir. 9/2/99), 743 So.2d 804, 807. Even if a motorist is presumed to be negligent,

---

[1] An issue of comparative fault may be decided on a motion for summary judgment, provided that the evidence leaves no relevant, genuine issues of fact, and reasonable minds must inevitably conclude that the mover is entitled to judgment based on the facts before the court. **Ritchey v. State Farm Mutual Automotive Insurance Co.**, 2017-0233 (La. App. 1 Cir. 9/15/17), 228 So.3d 272, 275.

2

a favored motorist can still be assessed with comparative fault if his substandard conduct contributed to the cause of the accident. See **Derouen v. Jagers**, 2013-1675 (La. App. 1 Cir. 11/3/14), 2014 WL 5588743 at *4; **Mack v. Wiley**, 2007-2344 (La. App. 1 Cir. 5/2/08), 991 So.2d 479, 487, writ denied, 2008-1181 (La. 9/19/08), 992 So.2d 932.

As stated by Judge Parro in **Derouen,** 2014 WL 5588743 at *4:

> The assignment of the comparative fault of the parties, if any, is not something that can be decided on a motion for summary judgment, because it, along with the resolution of conflicting testimony, requires the weighing of evidence and the evaluation of witness credibility. Such issues are not appropriate for a motion for summary judgment. *See Smith v. Our Lady of the Lake Hospital, Inc.,* 93-2512 (La.7/5/94), 639 So.2d 730, 751; *see also Coleman v. Step hens,* 48,993 (La.App. 2nd Cir.6/4/14), 142 So.3d 363, 368, *writ denied,* 14-1439 (La.10/3/14), —— So.3d ——; *Hines v. Garrett,* 876 So.2d at 765.

In this matter, without question Toon left his lane of travel and entered Bickham's lane, giving rise to a presumption of negligence. However, in the defendants' opposition to the motion for summary judgment, they raised factual issues through the toxicologists' deposition and affidavit as to Bickham's comparative fault in causing the collision. Both toxicology experts testified regarding Bickham's blood level of amphetamines at the time of the accident, which was 134 nanograms per milliliter and above the therapeutic range. Both toxicologists testified that this level of amphetamines could have contributed to the accident by affecting Bickham's ability to avoid the accident. The plaintiffs had the burden of proving that Bickham's use of amphetamines could not have contributed in any possible way to causing the accident. As stated in Judge Guidry's dissent, the plaintiffs' own expert could not testify if Bickham's use of amphetamines contributed to the accident. The plaintiffs' expert stated that Bickham didn't take any action until "relatively late." The majority opinion even

3

indicates that the plaintiffs failed to carry their burden of proving that no reasonable judge or juror could absolve Bickham of any fault in causing the accident when it states, "McPhate [the plaintiffs' expert] candidly acknowledged that he could not testify as to Clint Bickham's reaction time or whether Clint Bickham took too long to make the avoidance maneuver." The plaintiffs not only did not carry their burden of proof as movers, but would not be entitled to summary judgment even if the burden of proof had shifted to the defendants (which it did not in this case). There are genuine issues of material fact and the plaintiffs are unable to meet their burden of proving that Bickham did not have any fault in contributing to this accident or his injuries. As shown by the jurisprudence of this state, this issue of the allocation of fault between the parties is not proper for summary judgment unless the plaintiffs can meet the very high burden of proving that Bickham was free from fault to such an extent that reasonable minds (or reasonable jurors) could not differ. Since the plaintiffs have failed in carrying their burden, the defendants are entitled to put on evidence at the trial on the merits as to the plaintiff's fault and have the trier of fact quantify the parties' percentage of fault. Therefore, I would reverse the trial court's grant of the plaintiffs' motion for summary judgment.